## ARTESIAN LITHIA WATER COMPANY *v.* CENTRAL BANK & TRUST CORPORATION.

1. Where counsel for a party propounds a question to a witness called by that party, and the court sustains an objection to the question, the ruling of the court can not be successfully attacked without showing what answer was expected and that the court was at the time advised as to what the witness was expected to testify.
2. The court properly directed a verdict for the plaintiff in the case, as no other verdict than that directed could have been rendered under the evidence.

AUGUST 19, 1912.

Complaint. Before Judge Morris. Cobb superior court. May 13, 1911.

The Central Bank & Trust Corporation sued the Artesian Lithia Water Company upon four promissory notes, aggregating the principal sum of $300. Each of these notes was signed, "Artesian Lithia Water Co. (Seal), by J. J. Verner, Sec. & Treas." The defendant company filed its plea and answer, in which it denied that the notes sued on were executed by any authorized agent or representative of the defendant, for it or on its behalf, or by its authority, or with its knowledge or consent; and therefore denied that it was liable to the plaintiff thereon. Upon the trial the plaintiff proved the execution of the notes by J. J. Verner. It proved by the minutes of the defendant corporation that Verner was its duly elected secretary and treasurer; that upon its book of minutes were resolutions duly adopted by the defendant's board of directors, on February 6, 1907, in which it was resolved: "(1) That the President and Secretary and Treasurer be authorized to borrow the sum of one thousand dollars with which to open an agency in Atlanta, Ga., for the sale of water. That this money be expended for the purchase of utensils, delivery wagons, etc., for carrying on said business. (2) Resolved that the said J. J. Verner is appointed for said position in Atlanta. (3) Resolved, that the said J. J. Verner is not to expend any sum in excess of one thousand dollars, and that no debts shall be contracted by him for and on account of said company, in excess of said one thousand dollars, without the consent of the board of directors had and obtained for that purpose."

Verner, who was the plaintiff's witness, testified in substance as follows: He procured the loan from the Central Bank & Trust

Corporation as secretary and treasurer of the water company, under authority of the foregoing resolution. He was at the time secretary and treasurer of the company, and as such it was his duty to operate the company, borrow money, spend money, and hold the money. From 1904 he had actual management and control of the business of the company; he opened the agency in Atlanta as provided in the resolution, bought material and fixtures, and opened an office. At the time of opening the agency W. C. Lanier was president of the company, but had nothing to do with the actual management of the business, and did not stay at the office of the company. No officer or stockholder other than the witness had management of the business for about one year after the resolution of February 6, 1907, above set forth. Under authority of that resolution the company borrowed, on February 8, 1907, the sum of five hundred dollars; this loan was made to the company by Verner himself; the note therefor was signed by W. C. Lanier as president and J. J. Verner as secretary and treasurer of the water company. On March 19, 1907, a loan of $300 was procured from the Central Bank & Trust Corporation, and the notes therefor, of which the notes sued on were given in renewal, were signed in the name of the water company by J. J. Verner as secretary and treasurer. Neither Lanier nor any one else as president had ever signed any note except the five-hundred-dollar note above referred to. Verner, when he signed the renewal notes sued on, March 10, 1908, was acting in the capacity of secretary and treasurer, and continued to so act for three or four days thereafter.

W. C. Lanier, who was a witness for the defendant, testified in part: "That all he ever did with reference to carrying out the resolution for borrowing that one thousand dollars was to sign the one note for five hundred dollars; that he had nothing to do with the management or conduct of the business of the company at any time during the period of that contract; that he had no active duties to discharge; that he did not go out and make contracts for the company, or buy supplies or other necessary things for the company; . . that Verner was manager of the Atlanta agency and secretary and treasurer of the company; that there was no such officer as general manager of all branches of the company's business; . . that Verner had control of the springs or wells in Cobb County, and of the pumping and shipping of the water,

and directing the whole business of the company at Austell, as well as what the company was undertaking to do at Atlanta; that he bought wagons and horses, and had charge of the business as secretary and treasurer, and was the only officer of the company drawing any salary, and the only man that had active duties to perform."

The court directed a verdict for the plaintiff.

*Dorsey & Shelton* and *Hugh M. Dorsey,* for plaintiff in error.
*D. W. Blair,* contra.

BECK, J. (After stating the foregoing facts.) Under the facts of this case the court could not properly have done otherwise than direct the verdict of which complaint is made. Verner, who signed the notes in the name of the defendant company, was its secretary and treasurer; and not only did he hold this office by a regularly adopted resolution of the board of directors, but he also performed the functions of a general manager for the company. Under the first section of the resolution of February 6, 1907, set forth in the statement of facts, the president of the company and Verner were authorized to borrow as much as $1,000. While there might be some question as to whether or not, in order to render a note given for such a loan valid and binding upon the company, it should have been the joint act of the president and the secretary and treasurer, under the provisions of section 3 of the resolution of the last-mentioned date there can be no doubt that Verner was authorized to create an obligation binding upon the company for an amount not in excess of $1,000; and especially is this true when we consider the language of the resolution in connection with the fact of the broad and comprehensive duties resting upon Verner, who sustained to the company the relation not only of secretary and treasurer, but of its general manager. The notes sued on were executed on the 10th day of March, 1908, the very day on which Verner ceased to be the secretary and treasurer of the defendant company; but there is not the slightest evidence to show that the bank knew of the termination of Verner's relation to the company at the time it accepted these notes. Besides, these notes were given in renewal of a debt which had been created by Verner acting for the company at a time when he was unquestionably its secretary and treasurer and conducting its business as its general manager. While it does not appear that the corporate seal of the

corporation was attached to the contract, the burden of showing authority to execute the written obligation sued upon was successfully carried by the plaintiff.

*Judgment affirmed. All the Justices concur.*