### FOUNTAIN *v.* HAGAN GAS ENGINE & MANUFACTURING COMPANY.

LUMPKIN, J. 1. The defendant sold to the plaintiff, under a written contract, an engine, pump, tank; "electric outfit," certain piping, and a grinder and boiler. In the contract it was provided that "the material and workmanship of the above is guaranteed to be good, and the engine when installed and run according to your [the seller's] instructions shall develop the horse-power named above; this guarantee is good for six months, but does not apply to batteries." The purchaser afterward sued the seller, alleging that the latter had sold to him a storage-battery, claiming that it had a capacity of fifteen lights for three hours, that the plaintiff paid therefor, and that after the battery was put to work it was found that it only had a capacity of six lights for three hours. The plaintiff accordingly brought suit for damages, on the ground that the property was not of the character which he bought. *Held*, that the expression "electric outfit," as used in the written contract, was ambiguous and was subject to explanation by parol. It was accordingly error to reject parol testimony offered for the purpose of showing what the parties to the contract included in that expression.

(*a*) The statement that the guaranty of the engine was good for six months, but did not apply to batteries, merely excluded the application of the six-months guaranty from applying to the batteries, and did not mean that the seller could install different batteries from those which he contracted to sell.

2. Having ruled out evidence, which was admissible and material, offered on behalf of the plaintiff, it was error to direct a verdict against him.

(*a*) Inasmuch as the court rejected material evidence which was essential to the proof of the case by the plaintiff, it is not decided whether a prima facie case would have been made had the plaintiff been allowed to introduce all legitimate evidence, or whether it would have been subject to a motion for nonsuit.

*Judgment reversed. All the Justices concur.*<br>MAY 16, 1913.

Action for damages. Before Judge Gilbert. Taylor superior court. February 2, 1912.

*C. W. Foy* and *Jere M. Moore*, for plaintiff.

*Carson & McCutchen*, for defendant.