4296.   LUKE *v.* LIVINGSTON.

The evidence authorized the verdict, and there was no material error on the trial.
DECIDED JULY 8, 1913.

Action on contract; from city court of Ocilla—Judge Oxford.
May 14, 1912.

*Haygood & Cutts,* for plaintiff in error.
*Elkins & Wall, H. J. Quincey,* contra.

RUSSELL, J.   When this case was here before, *Luke* v. *Livingston, 9 Ga. App.* 116 (70 S. E. 596), this court ruled:   (1) that the acceptance of an offer to sell may be shown by proof that the person to whom the offer was made has paid a portion of the purchase-price; and (2) that parol evidence is competent to show that the written contract, apparently relating to an actual sale of cotton, was in fact entered into merely for the purpose of allowing the parties to deal in cotton futures, and that the transaction was not bona fide, but a speculative and gaming contract.   The case afterwards went to trial upon its merits, and it appears from the record that there was evidence that Livingston's agent paid to Luke the $1 mentioned in the contract.   It is true there was positive testimony on the part of the defendant that no money whatever was paid; but, the jury having settled the truth of this matter, we must assume that the part of the purchase-price to which we referred in our former decision was paid.   Assuming this to be true, the only other question is whether the evidence shows that the contract was a mere subterfuge to cloak and cover an illegal transaction in cotton futures.   As to this point, too, the evidence is directly in conflict, and the jury preferred the testimony of the plaintiff to that of the defendant.   There being evidence sufficient to authorize a finding in favor of the plaintiff upon both of the vital issues in the case, this court is without jurisdiction to set aside the finding of the jury, unless the record discloses such material and prejudicial error upon the trial as to raise the inference that but for that error the verdict would have been different.

The 4th ground of the motion for a new trial was not argued in the brief of counsel for the plaintiff in error, and therefore must be treated as having been abandoned.

Error is assigned upon the refusal of the judge to charge the jury, without qualification, that "The law favors compromises and settlements of disputes, and hence it is against the policy of the law to allow evidence to be given of any effort of settlement made with a view of compromise, and I charge you therefore that if it appears that any offer of settlement was made by the defendant, if it was made with a view of a compromise you could not consider such offer as evidence against him."   The court charged the jury to this

effect but added the following language: "If it has been admitted, it has not been admitted as an admission on the part of the defendant that he was due any amount, but merely as illustrating whether or not the defendant intended to deliver actual cotton, or illustrative whether or not it was a speculative contract or a chance in futures." It is insisted that this qualification of the requested instruction was erroneous because it contradicted and nullified the charge requested, and "because the effect of the qualification of the charge is to allow statements made pending a compromise to be received against the defendant as to the original intent with which the contract was made, and, therefore, as bearing upon the principal issue in the case."

It is of course well settled that evidence of an effort to compromise, or testimony tending to show an attempt to compromise, is generally inadmissible, and yet we find no error in the instruction of the court in this case, for one of the main issues in the action was, what was the intention of the parties as to actual delivery of cotton? In other words, the jury had to determine whether it was the intention of the parties to deliver "spot" cotton, or to settle upon the basis of the difference between the market price of cotton mentioned in the contract and the market price of cotton on the date fixed by law for its delivery; and the fact that either of the parties had offered or agreed to take a sum of money in lieu of the fulfilment of the precise terms of the contract might be a circumstance from which the jury could infer that the sale of actual cotton was not intended.

The instruction of the trial judge in regard to the different modes in which Livingston might accept the contract is not erroneous, nor could the admission of the plaintiff's testimony, to the effect that in a written power of attorney he gave James authority to act for him, be prejudicial. The question between the parties in this case was, not whether Livingston's power of attorney was properly executed, according to the strictness of the law, but rather whether James was authorized by Livingston to enter into the contract with Luke; and the very fact that Livingston sued Luke upon a contract made by James in his behalf is conclusive evidence of Livingston's ratification of James's signature to the contract.

The judge declined to approve the ground of the motion for a new trial based upon the alleged absence of the judge from the court-room during the trial; and hence this ground can not be con-

sidered. The statements of parties contained in such a ground of a motion for a new trial can not be verified by taking testimony. The judge must remember for himself what occurred, and his certificate as to what did occur is final.

The controlling principles involved in this case were ruled when it was heretofore before us for consideration. The jury would have been authorized to find for the defendant upon both of these issues. They preferred to give superior weight and credit to the testimony in behalf of the plaintiff; and, there being no material error of law, it can not be held that the trial judge abused his discretion in refusing new trial.　　　　　　　　　　　　　*Judgment affirmed.*