WALKER *v.* LASTINGER *et al.,* administrators.

BECK, J. 1. Error is assigned upon numerous rulings of the court in excluding or in admitting testimony; but none of them show any error requiring the grant of a new trial.

(*a*) Certain of the grounds complain of the court's action in sustaining objections to questions propounded on direct examination by the plaintiff in error to his own witnesses; and while the answer expected to these questions is stated, it does not appear that the court was informed of what answer was expected. *Artesian Lithia Water Company* v. *Central Bank & Trust Corporation,* 138 *Ga.* 618 (75 S. E. 646).

(*b*) Other grounds complaining of the rejection or admission of evidence set forth the evidence in such a fragmentary way that the extract is either not intelligible or it would require a search into the brief of evidence for the context to discover whether the evidence was material or not. *McCalman* v. *State,* 121 *Ga.* 491 (49 S. E. 609); *Buck & Downing* v. *Nicholls Mfg. Co.,* 122 *Ga.* 255 (50 S. E. 82); *Smith* v. *State,* 126 *Ga.* 803 (55 S. E. 1024).

(*c*) Where the evidence is set forth in such a manner as to be considered by this court, in the other grounds complaining of the rejection or admission of evidence, no error appears in the rulings of the court.

2. Under the facts of this case it was not error harmful to the plaintiff for the court to charge the jury, in substance, that if a certain deed which on its face appeared to be an absolute conveyance was in fact a deed to secure a debt due from the grantor (plaintiff) to the grantee, still if the defendant in this case, against whom this action was brought to recover the land so conveyed, "took up the debt" at the instance of the grantor in the security deed, and took from the heirs at law of the grantee therein a deed to the same land to secure him in the repayment of the money, after the lapse of a period of ten years from the last recognition, upon the part of the grantee in the last-mentioned security deed, of the right of the debtor (plaintiff) to redeem the land, her right of redemption would be barred.

3. The court (after having instructed the jury that if the defendant in the case took a deed to the property in controversy from the heirs at law of the grantee in the deed first mentioned in the preceding headnote, only for the purpose of securing the repayment of money which he had paid out for the benefit of the grantor in that deed and at her instance, and was admitted into possession of the land alone by virtue of such a security deed, then prescription would not run in his favor) charged the jury that if the defendant, after taking such security deed, was admitted into possession by virtue of an agreement whereby he purchased and

paid for the plaintiff's equity in the land, "then his possession would become adverse to her; and if he remained in possession for seven years or more, under the deed he held, his possession being public, continuous, uninterrupted and peaceable, exclusive and in good faith, then in that event, if you believe that to be the truth of the case, then a prescriptive title would have ripened in his favor and the plaintiff could not recover."

(a) That portion of the charge in this headnote which is embraced in quotation marks, when the context is considered, is not open to the objection that it expresses an opinion upon the facts in the case.

(b) The charge dealt with in this headnote does not contain error harmful to the excepting party in this case, but would have been open to challenge by the defendants had they, instead of prevailing, been the losing parties, on the ground that it should have been qualified by a statement in this connection, or elsewhere in the charge, of the provisions of § 3258 of the Civil Code, which provides that "A deed or bill of sale, absolute on its face and accompanied with possession of the property, shall not be proved (at the instance of the parties) by parol evidence to be a mortgage only, unless fraud in its procurement is the issue to be tried." And this observation is applicable to the charge referred to in the second and fifth headnotes.

4. The court in another part of the charge having submitted to the jury the question whether the first deed above referred to was infected with usury, and having instructed them as to the effect of usury upon the rights and title of the plaintiff and defendant, it was not necessary to repeat such instructions in connection with the charges dealt with in headnotes 2 and 3.

5. The extracts from the charge of the court previously dealt with, and the instructions to the jury on the effect of ratification by the plaintiff of a contract between her husband and the defendant, whereby the plaintiff's equity in the land sued for was sold to the defendant, were not unauthorized by the evidence.

6. There was evidence also to authorize the charges upon the subject of prescriptive right founded upon adverse claim under color of title.

7. The requests to charge, so far as legal and pertinent, were sufficiently not unauthorized by the evidence.

> *Judgment affirmed.　　All the Justices concur.*
> FEBRUARY 27, 1914.

Equitable petition.　Before Judge Thomas.　Berrien superior court.　November 9, 1912.

Mrs. M. J. Walker sued the administrators of Charles Hardy, alleging, that some 17 years prior to the bringing of her petition she had executed a deed to certain lands in Berrien county to Mrs. Easters, which, although on its face it appeared to be an absolute conveyance, was in fact a deed to secure the repayment of a loan of $100 made to petitioner by Mrs. Easters; that about 15 years prior to the bringing of this petition Mrs. Easters sold to Charles Hardy petitioner's promissory note given for the said loan,

and delivered to him the security deed executed by petitioner; that Hardy and his legal representatives have been in possession of and exercising control over the said land in controversy for the period of 15 years; that no transfer of the security deed referred to was ever made to Hardy or his legal representatives, the defendants in the case; and that the deed is null and void, for the reason that the same was infected with usury, plaintiff having paid to Mrs. Easters the sum of $10 as interest for the loan of $100 for one year. Petitioner prayed that the defendants be enjoined from selling the land, that title to the same be decreed to be in petitioner, and for other relief.

The defendants contended in their answer, that, even if the deed made by the plaintiff to secure the money borrowed by her from Mrs. Easters was infected with usury and for that reason did not convey title out of the plaintiff, their intestate, Hardy, had a deed from the heirs at law of Mrs. Easters, which is color of title; that he had held under this deed for the statutory period and had acquired a good prescriptive title; and that having taken a deed from Mrs. Easters' heirs at law, with the consent and under an agreement with the plaintiff that he (Hardy) should pay off the debt which was due to Mrs. Easters, and that this deed should operate to secure him in the repayment of the money advanced by him, after the lapse of ten years from the last recognition by him of the plaintiff's equity in the land the plaintiff was barred of her right to redeem.

A verdict was rendered against the plaintiff, and a new trial was denied.

*R. Eve, Hendricks & Christian,* and *J. J. Murray,* for plaintiff.

*E. K. Wilcox, J. G. Cranford,* and *L. E. Lastinger,* for defendants.