14292, 14332.    MACON UNION CO-OPERATIVE ASSOCIATION *v.* CHANCE; and *vice versa.*

JENKINS, P. J. 1. In a petition for certiorari to review the ruling of a municipal court directing a verdict for the plaintiff, assignments of error, excepting to the exclusion of evidence offered by the defendant and to the admission of evidence for the plaintiff, are not defective because the assignments and the brief of evidence were insufficiently verified by the municipal-court judge, where the defendant duly excepted to the failure of the judge's answer to make such verification, and where, on the sustaining by the superior court of such exceptions, the trial judge further answered that the full transcript of evidence sent up with his answer, and containing the questions and answers of witnesses, objections of counsel, and rulings of the court, "correctly reported the evidence and what transpired on the trial," and that "it contained, as far as I can recall, all that transpired on the trial of the case," and where the assignments of error thus could be verified and determined by reference to this transcript. "The rules applicable to briefs of evidence incorporated in bills of exceptions do not apply to petitions for certiorari. . . A petitioner for certiorari, if he sets forth plainly what transpired upon the trial, may make his statement of the evidence as full as the facts will justify, without the apprehension of any other penalty than the probability of confusing the reviewing court by an unnecessary mass of irrelevant matter." *Meacham* v. *State*, 7 *Ga. App.* 713 (68 S. E. 52). The petitioner in the instant case not being chargeable with any failure to make the assignments of error complete and properly verified in and of themselves, so as to render a reference to other portions of the record unnecessary, the general rule of practice that assignments of error must be complete in

themselves, without such additional reference, cannot be enforced against the petitioner.

2. "In order for the exclusion of oral testimony to be considered as a ground for a new trial, it must appear that a pertinent question was asked, and that the court ruled out the answer; and that a statement was made to the court at the time, showing what the answer would be; and that such testimony was material, and would have benefited the complaining party." *Griffin* v. *Henderson*, 117 *Ga.* 382 (2) (43 S. E. 712); *Artesian Lithia Water Co.* v. *Central Bank*, 138 *Ga.* 618 (75 S. E. 646). "In respect of an unlawful limitation upon the right of cross-examination, where counsel are prevented from asking material and proper questions, and where it cannot be expected that he can state as fully what reply is anticipated as in case of a witness introduced by himself," the rule previously stated does not apply. *Bell* v. *Felt*, 119 *Ga.* 498 (1), 500 (46 S. E. 642); *Griffin* v. *Henderson*, supra; *Tillman* v. *Bomar*, 134 *Ga.* 660 (2 a) (68 S. E. 504; *Becker* v. *Donalson*, 133 *Ga.* 864 (67 S. E. 92); Civil Code (1910), § 5871. The exception of the defendant to the court's refusal to permit counsel, on cross-examination of the plaintiff's secretary and treasurer, who was the plaintiff's witness, to question him as to the insolvency of subscribers to the capital stock at the time their subscriptions were taken, and to whether they were apparently able to pay the subscriptions for which they subscribed, for the purpose which counsel stated, of showing "whether they were really making bona fide subscription to the stock," falls within the rule recognized by the Supreme Court in the cases cited, and is a proper assignment of error.

3. "Where the plaintiff bases his right to recover upon an express contract, which is entire and indivisible, he cannot recover unless he has performed all his obligations under the contract." *Dolan* v. *Lifsey*, 19 *Ga. App.* 518 (5) (91 S. E. 913). In this suit by a corporation against a subscriber to its capital stock, upon his stock subscription, the burden was upon the plaintiff to show a compliance upon its part with an express condition in the contract that "at least fifty thousand dollars in bona fide subscriptions shall be obtained before this subscription shall be binding." Where the trial judge excluded testimony by the defendant, tending to show that certain of the subscriptions were not bona fide made and received, for the reason that the subscribers were insolvent and not apparently able to pay their contracts of subscription at the time when such contracts were thus knowingly taken, and that such amounts would have brought the capital stock below the agreed minimum amount, such evidence was material, and its exclusion was error prejudicial to the defendant. *Branch* v. *Augusta Glass Works*, 95 *Ga.* 573 (6), 580 (23 S. E. 128); *Hendrix* v. *Academy of Music*, 73 *Ga.* 437 (3); 7 R. C. L. 234, 229, 230; 14 Corpus Juris, 543. Material testimony for the defendant, which with other evidence might have raised an issue under the plea, having been erroneously excluded, it was error to direct a verdict for the plaintiff. *Fountain* v. *Hagan Gas Engine Co.*, 140 *Ga.* 70 (2 a) (78 S. E. 423); *Proctor & Gamble Co.* v. *Blakely Oil Co.*, 128 *Ga.* 606, 616 (57 S. E. 879). The superior court properly sustained the defendant's certiorari upon this ground.

4. While the general practice on the affirmance of a main bill of excep-

tions is to dismiss the cross-bill, the exceptions taken in the instant cross-bill will be determined, since they involve the striking of an essential paragraph of the defendant's answer, and certain rulings upon essential evidence involving questions likely to recur in the new trial granted by the superior court, and since that court, in granting a new trial on only one of the grounds of the certiorari, overruled in express terms all the other grounds, now embodied in the cross-bill. *Thornton* v. *Travelers Ins. Co.*, 116 *Ga.* 121, 123 (42 S. E. 287; 94 Am. St. R. 99); *Smith* v. *Maddox Bkg. Co.*, 8 *Ga. App.* 288 (2), 290 (68 S. E. 1092); *Miller* v. *Brooks*, 120 *Ga.* 232 (47 S. E. 646).

5. The municipal court properly struck the 9th paragraph of the defendant's plea and answer, wherein it was set up that the corporation's promoter who took the defendant's subscription had made to the defendant certain representations and promises as to the purposes of the corporation, and that a specified rebate on goods and annual dividend on stock would be received, "none of which promises and representations have in any way been complied with," although the plaintiff had been conducting its store for more than twelve months, and that the promises and representations were false and fraudulent. The alleged "representations and promises," being merely promises, and not relating to existing facts, could not have constituted fraud such as would invalidate the written contract of subscription. *Weston* v. *Columbus So. Ry. Co.*, 90 *Ga.* 289 (15 S. E. 773); *Bell* v. *Americus R.*, 76 *Ga.* 754, 756; *Cunningham* v. *Huson Ice Co.*, 26 *Ga. App.* 302 (105 S. E. 860).

6. The admission of the stock-book of the plaintiff corporation, by which it was sought to show that the $50,000 of minimum capital stock had been subscribed for, and to which objection was taken on the ground that the written stock subscriptions were the best evidence, could not have prejudiced the rights of the defendant, and its admissibility will not be determined, since it appears that the fact thus sought to be shown was not in dispute, the defendant himself eliciting the fact, upon cross-examination of a witness, that the subscriptions amounted to $50,200.

7. "If a written subscription for stock was, or appeared to be, complete within itself, a subscriber could not go outside of it, so far as concerns the conditions upon which the subscription was made; but where the writing does not purport to contain all the stipulations of the contract, parol evidence is admissible to prove other portions thereof not inconsistent with the writing." *Hendrix* v. *Academy of Music*, 73 *Ga.* 437 (1); *Dotson* v. *Savannah Pure Food Co.*, 140 *Ga.* 161 (4), 162 (78 S. E. 801). The instrument here involved provided in terms that "this subscription contract is made and entered into upon the following conditions and stipulations only." The municipal court properly excluded evidence seeking to add other alleged parol conditions and undertakings.

8. "In a suit by a corporation to collect capital stock subscribed, evidence of the value of that or any other stock is irrelevant." *South Ga. R. Co.* v. *Ayres*, 56 *Ga.* 231, (2), 234. Evidence tending to show that the plaintiff corporation had never declared a dividend was properly excluded.

9. "The preliminary agreement to form a corporation and take stock therein is not a contract by the subscribers with each other," and "is a mere offer to the corporation not yet in existence, and is revocable by any subscriber until the organization of the corporation, which operates as an

acceptance of the offer." Since "all of the subscriptions are mere offers, the withdrawal of one offer will not affect the others." A secret agreement by a promoter with a subscriber to release him from his subscription, made after his subscription would otherwise be enforceable, is not valid against the corporation. *National Bank* v. *Amoss*, 144 *Ga.* 425 (4), 433 (87 S. E. 406, Ann. Cas. 1918A, 74); *Allen* v. *Hastings Industrial Co.*, 2 *Ga. App.* 291 (58 S. E. 504). In the instant case the defendant in his plea set forth "that the plaintiff released some of the co-subscribers of the defendant without his knowledge or consent, and this defendant was thereby himself released from his subscription to the capital stock herein sued on." The defendant excepts to the exclusion of evidence by which he sought to show agreements by a promoter of the corporation to release two of the subscribers to its capital stock. In so far as such proof was offered in support of the averment quoted in the plea, it was, under the rule stated, inadmissible. In so far, however, as it tended to show that the subscriptions of certain of the stockholders were not bona fide, in that they were not in good faith given and received and intended to be enforced by the corporation, or were intended to be revoked and withdrawn by the subscriber before the organization of the corporation, as he would have had the right to do, such intention being known to the corporation or its organizers, or that subscriptions were actually withdrawn by the subscribers before the organization of the corporation, such evidence would be admissible upon the theory of showing that the condition in the defendant's contract of subscription had not been complied with, viz., that "at least fifty thousand dollars in *bona fide subscriptions* shall be obtained before this subscription contract shall be binding," provided it was further shown that the amount of subscriptions which for this reason should be deducted would reduce the minimum capital stock below the agreed amount. Inasmuch as the defendant confined his efforts to showing releases of two subscribers, whose aggregate subscriptions amounted to only $200, and inasmuch as, under the undisputed evidence, $50,200 in capital stock had been subscribed, the deduction of the alleged releases would not have reduced the capital stock below the agreed minimum. The exclusion of the evidence tending to show releases, therefore, was harmless to the defendant, in the absence of further testimony as to a material reduction in the capital stock.

10. "A material change in the character of the enterprise or purpose of a proposed corporation releases a subscriber to its capital stock who does not assent to or acquiesce in the change." *Midland City Hotel Co.* v. *Gibson*, 11 *Ga. App.* 829, 832, 833 (76 S. E. 600). But where there is no material, fundamental, or essential modification, there is no release. *National Bank* v. *Amoss*, supra. In this case there was no offer of valid testimony tending to show any material variation between the purposes of the corporation as set forth in the contract of subscription and as contained in the charter itself.

11. The superior court properly overruled the certiorari upon all grounds except that determined with reference to the main bill of exceptions.

*Judgment affirmed on both bills of exceptions. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 23, 1924.

Certiorari; from Bibb superior court—Judge Malcolm D. Jones. December 9, 1922.

*Walter DeFore, James C. Estes,* for plaintiff.

*T. S. Felder,* for defendant.