37628. SOUTHEASTERN METAL PRODUCTS, INC. *v.*
DeVAUGHN.

DECIDED MAY 18, 1959.

Arnold & Harris, Charles C. Pritchard, Robert B. Harris, Nancy Pat Phillips, for plaintiff in error.

Tindall & Tindall, J. D. Tindall, J. D. Tindall, Jr., J. F. Kemp, contra.

NICHOLS, Judge. ■ Under Code (Ann.) § 38-1801 "in the trial of all civil cases, either plaintiff or defendant shall be permitted to make the opposite party, or any one for whose immediate benefit such suit is prosecuted or defended, or any agent of said party, or agent of any person for whose immediate benefit such suit is prosecuted or defended, or officer or agent of a corporation when a corporation is such party, or for whose benefit such suit is prosecuted or defended, a witness, with the privilege of subjecting such witness to a thorough and sifting examination, and with the further privilege of impeachment, as if the witness had testified in his own behalf and were being cross-examined." The mere fact that, prior to the trial, the plaintiff had taken a deposition of the president of the defendant corporation, who was subpoenaed "to testify and the truth say in behalf of the plaintiff", would not prevent his being called

by the plaintiff at the trial of the case for the purpose of cross-examination, where said deposition was not introduced in evidence at the trial.

■ "Where the opposite party has been called as a witness for cross-examination it is within the discretion of the court as to whether to allow such witness to be questioned by his own attorney at the conclusion of such examination by the opposite party." *Jones* v. *Chambers,* 94 *Ga. App.* 433 (3) (95 S. E. 2d 335). Accordingly, the trial court did not err in permitting the plaintiff to call said witness for cross-examination or in refusing the defendant's request for further examination.

■ It is well settled that "admissions or propositions made with a view to a compromise are not proper evidence." Code § 38-408. Assuming, but not deciding, that an assignment of error upon the trial court's failure to grant mistrial upon motion by counsel for the plaintiff in error, made not at the time the alleged objectionable remarks are uttered by the trial judge, but only that such motion was made before the jury returned its verdict, is meritorious, and this is indeed questionable, under the record in this case the trial court, after having used the word "compromise" in his remarks to the jury, clearly and extensively instructed the jury that they should not consider the question of compromise as it was inadmissible and did further withdraw any and all reference to same from their consideration. The objectionable remarks made by the court are as follows: "Members of the jury, objection was made to the line of testimony on the ground it was leading up to an offer of compromise. Of course, you recognize an offer of compromise would be inadmissible because if they had compromised, we wouldn't be here trying this case. So, I'm going to sustain his objection to the extent it might have any bearing whatever on offer of compromise or any element of it, as long as he can confine his questions to the things that have nothing whatever to do with some settlement, offer of settlement or compromise, it's all right, but if he comes in with anything about offer of compromise, it would not be admissible in this trial at this stage of the game. That's what we are talking about." Thereupon counsel for the plaintiff in error moved the court as follows: Mr. Harris: "I'll ask

Your Honor to include in there with your remarks made, you're not saying there has been an offer of compromise." The trial court then made the following and additional statement to the jury: The court: "You understand I'm offering no opinion whatever of any kind. You will judge the facts and determine what has taken place whenever the right time comes. I don't know what has happened. He's leading up to telephone conversations, and he's saying they are going to get into that. I'm saying any offer of compromise, any element of it is not admissible. Anything else relevant to this contract is agreeable and admissible."

From the above colloquy between counsel for the plaintiff in error and the court, and considering the trial court's entire instructions to the jury with reference to "compromise", it is obvious that should the trial court's usage of the word "compromise" be construed by this court to be error, such error was rendered harmless by the trial court clearly stating to the jury that offers in compromise are inadmissible; that he was sustaining the objection to the extent that it might have any bearing on an offer in compromise, or any element of it; that he was offering no opinion whatever of any kind; and that if anything had been said about an offer in compromise to disregard it as it was not admissible. *Luke* v. *Livingston,* 13 *Ga. App.* 35, 36 (78 S. E. 778).

■ The usual general grounds of the motion for new trial having been expressly abandoned in the brief of the plaintiff in error, are not considered.

Accordingly, the judgment of the trial court denying the motion for new trial must be affirmed.

*Judgment affirmed. Gardner, P. J., Townsend, and Quillian, JJ., concur. Felton, C. J., and Carlisle, J., dissent.*

FELTON, C. J., and CARLISLE, J., dissenting. We believe that in the interest of fair trial and justice the circumstances of this case require the grant of a new trial. While we do not advocate the grant of a new trial every time an objectionable question is asked a witness we think that in this case where the only mention of compromise in the jury's presence was on the part of the court the jury could have concluded that while they were out of the room evidence of a compromise came into the case.

The court was requested to state to the jury that he was not telling the jury that there had been an offer of compromise. This the court did not do but stated that he expressed no opinion. The motion for a mistrial was made before the jury reached a verdict and the movant did not attempt to take a chance on a verdict and then make his point. This is a close question but we believe the best practice would be to uphold the motion for a mistrial under the peculiar facts.