38246.   THOMPSON v. CENTRAL OF GEORGIA
RAILWAY COMPANY *et al.*

DECIDED JUNE 15, 1960—REHEARING JUNE 29, 1960.

*Marshall L. Fountain,* for plaintiff in error.

*Price, Spivey & Carlton, Abbot & Abbot,* contra.

FELTON, Chief Judge.   ■   Special ground 1 of the amended motion for a new trial assigns error on the refusal of the court to allow the plaintiff to call the employee of the defendant railroad who was serving as fireman on its locomotive at the time of the accident in question for cross-examination under the provisions of *Code Ann.* § 38-1801.   In *Atlanta Joint Ter-*

*minals v. Knight,* 98 Ga. App. 482, 485 (106 S. E. 2d 417) this court held: "All of the witnesses involved were, at the time of the occurrence complained of and at the time of the trial, employees of the defendant or of one of the corporate partners of the defendant, and, as such, were subject to all of the pressures and possible prejudices in favor of the defendant which that relationship would tend to engender. All or any one of these employees might have been used by the defendants when the trial of the case progressed to the point at which they would present their evidence. Therefore, cross-examination of such employees as agents of the defendants under *Code Ann.* § 38-1801 was proper." Judged by these standards, the fireman in the present case was agent of the opposite party within the meaning of the statute. The fact that this witness was previously sworn in behalf of the plaintiff would not prevent his being called by the plaintiff for the purpose of cross-examination. *Southeastern Metal Products v. DeVaughn,* 99 Ga. App. 569 (1) (109 S. E. 2d 305). The court erred in refusing to allow the plaintiff to call this witness for the purpose of cross-examination as provided by the statute and in overruling this special ground.

■ Special ground 2 assigns error on the direction of a verdict in favor of the defendants. It is argued by the defendants that the verdict was properly directed because the evidence demands a finding that at the time of his death the plaintiff's husband was engaged in interstate commerce so as to bring the action under the Federal Employers Liability Act (45 U. S. C.A. § 51 et seq.), which provides that the railroads' are liable to the personal representative of the deceased employee rather than to the widow. The evidence does include a certain freight waybill for a car from Louisville, Georgia, to Bayonne, New Jersey. In regard to this waybill, the railroad's local agent testified: "I had occasion to prepare the waybills for the Louisville and Wadley train dated 11/12/54, I have the bill here with me, the copy of it. All I know is that a waybill is just a waybill of freight. All heavy stuff goes on waybills and one is made out for each car on a train. There are two copies and the original goes with the car." This evidence shows no con-

nection between the car scheduled for interstate shipment and the train on which the plaintiff's husband was working at the time of his fatal injury. It does not demand a finding that he was employed in interstate commerce at that time and consequently we need not consider questions relative to the scope and effect of the F. E. L. A. in this instance.

From the evidence in the record, a jury could find that the plaintiff's husband, who was conductor on the defendants' train, died as a result of being struck on the head by the handle of a switch which he was attempting to throw as the locomotive crossed it on November 12, 1954. There is, however, no evidence tending to show any negligence on the part of the defendants which was the proximate cause of the fatal injuries. But since, as decided in division 1 of this opinion, the court erroneously excluded admissible and material evidence offered on behalf of the plaintiff, it was error to direct a verdict against her. *Fountain v. Hagan Gas &c. Co.*, 140 Ga. 70 (2) (78 S. E. 423). See also *Proctor & Gamble Co. v. Blakely Oil &c. Co.*, 128 Ga. 606 (1) (57 S. E. 879).

■ Special ground 3 assigns error on the admission of certain testimony of the plaintiff on cross-examination. Certain parts of the testimony were relevant and material and, since it was objected to in its entirety, its admission was not erroneous. *State Highway Dept. v. Jackson*, 100 Ga. App. 704 (2) (112 S. E. 2d 356)..

■ Special ground 4 assigns error on the exclusion of oral testimony of a certain witness on direct examination by the plaintiff. This ground fails to show that a statement was made to the court at the time, showing what the answer would be; and that such testimony was material, and would have benefited the complaining party. It is therefore incomplete and will not be considered. *Griffin v. Henderson*, 117 Ga. 382 (2) (43 S. E. 712).

■ Under the evidence contained in the record of trial, the general grounds of the motion for a new trial are without merit. Because of the errors specified in this opinion, the court erred in overruling special grounds 1 and 2 of the amended motion for a new trial.

*Judgment reversed. Nichols and Bell, JJ., concur.*

ON MOTION FOR REHEARING.

The defendant Louisville and Wadley Railroad Company contends that the pleadings show conclusively the applicability of the Federal Employers Liability Act to this suit. Paragraph 11 of the case before this court (No. 1612 in the City Court of Louisville) alleges: "Petitioner alleges that both of the defendants named herein are resident corporations of the State of Georgia, having been chartered and organized under the laws of the State of Georgia, and that both of said defendants are engaged in interstate commerce." The answer to this paragraph reads as follows: "Defendant admits that it is a railroad corporation chartered and organized under the laws of the State of Georgia, and admits that it is sometimes engaged in interstate commerce depending upon the destination of the cargo it ships over its ten mile line, which lies entirely within Jefferson County, Georgia." It is readily apparent that none of these allegations show that the freight train in the operation of which the plaintiff's husband was participating when he was fatally injured was engaged in interstate commerce so as to make the F. E. L. A. applicable here. We have already decided in Division 2 of the original opinion that the evidence on this point is insufficient.

It is further argued that this court, in passing on the sufficiency of this evidence, has overlooked certain recent decisions of the U. S. Supreme Court, primarily Southern Pacific Co. v. Gileo, 351 U. S. 493 (76 S. Ct. 952, 100 L. Ed. 1357), concluding that the crucial question as to applicability of the F. E. L. A. is whether any part of the railroad employee's duties "Furthers interstate commerce or in any way directly or closely and substantially affects such commerce." While it is unnecessary that we rely upon it for this purpose, this decision further sustains the correctness of our position since there is no evidence in this case which satisfies the test of applicability set forth above.

*Rehearing denied.*