### 44415.  KELL v. McCUMBER.

WHITMAN, Judge. This case arises out of a collision between two automobiles which occurred on a paved road running generally in a north-south direction. The plaintiff-appellee's car was heading north on the northbound or east side of the road. The defendant-appellant's car was also on the northbound or east side of the road but was stopped with the front end facing or heading south. The collision was more or less head-on. There was some evidence that part of defendant's car was on the pavement. There was other testimony that defendant's car was not on the pavement but was on the shoulder of the road.

The evidence with regard to events leading up to the collision was that the defendant's wife had driven the car to the Cedar Grove Community Center located on the northbound or east side of the road. Parking at the community center was in the expanse between the road and the community center facility. The defendant's wife drove to the community center alone and had parked the car in the expanse approximately parallel to the road, facing south, but at least a car length from the edge of the road. It was 9 o'clock and dark when she started to return home. She could not release the emergency brake and she sent word to her husband. When he arrived, he got into the car and was also unable to release the emergency brake. In trying to release the brake he moved the car. First he backed the car northwest, "about the length of the car or maybe little bit more." In backing up, the car "would just jump, just couldn't hardly go at all." Then defendant testified that he pulled the car forward and stopped, "I'd say the length of the car, or maybe just a little bit more, I don't have no way of telling." He stated his car was then just on the edge of the shoulder of the road; that no part of his car was on the paved part that he knew of; that he worked there several minutes, maybe fifteen minutes, trying to release the emergency brakes; that he was in the car, down under the dash board working with the brakes, when the collision occurred.

The jury returned a verdict for the plaintiff. Defendant's motion for new trial was overruled and it is from this order that the appeal was taken. *Held:*

1. It is enumerated as error that the trial court erred in charging, over timely exception, *Code Ann.* § 68-1670 (a) (15) (Ga. L. 1953, Nov. Sess., pp. 556, 598, as amended), which states: "(a) No person shall stop, stand, or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with law or the directions of a police officer or traffic-control device, in any of the following places: . . . 15. It shall be unlawful for any person to stop or park any automobile, truck, tractor, trailer, or other motor vehicle, or horse-drawn vehicle on or along any State-aid road or highway, unless such vehicle be placed so that it is at least 12 feet removed from the centerline of such State-aid road or highway; and such vehicle shall be so parked that no portion thereof shall be within 12 feet of the centerline of such State-aid road or highway."

It is contended that the provision has regard to a "State-aid road" only and that there was no showing that the road involved was a State-aid road. There is no merit in the contention. The statute will be seen to refer to "State-aid road or highway." "Street or highway" is defined by *Code Ann.* § 68-1504 (1) (a) (Ga. L. 1953, Nov. Sess., pp. 556, 561, as amended) as "The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." There was sufficient evidence to bring the road involved within this classification. The words "State-aid road" are not limiting. In this connection see *Code Ann.* § 68-1670 (c) relating to "roads and highways," and particularly see sublettered section (d) relating to "any street, road or highway of the State of Georgia."

2. It is also contended that the trial court erred in charging subsection (a) of *Code Ann.* § 68-1668 (Ga. L. 1953, Nov. Sess., pp. 556, 597) without also charging subsection (b) thereof, although timely exception was made.

Subsection (a) provides, in substance, that no person shall stop or leave any vehicle on the paved part of a highway when it is practical to stop it or leave it off the paved part of the highway, and that in any event the vehicle must be located so as to leave a sufficient unobstructed width of highway for

622

other vehicles to pass freely and the stopped vehicle must be in clear view for a distance of 200 feet in each direction. Subsection (b) provides that the statute does not apply if a vehicle is "disabled while on the paved or main-traveled portion of a highway in such manner and to such extent that it is *impossible to avoid stopping and temporarily leaving* such disabled vehicle in such position. . ." (Emphasis supplied.) "Where the court undertakes to charge the principles contained in a code Section, he should charge all the principles involved in the Code section, if the evidence warrants it." *Lancaster v. State*, 83 Ga. App. 746 (4c) (64 SE2d 902). The trial judge refused to charge subsection (b) as being inapplicable under the evidence. We think he was correct. All the evidence is that the car was movable, however difficult it may have been, under its own power, and was in fact moved by the defendant from its original position, i.e., where parked by his wife, to a new position, placing it at the edge of the pavement or part way on the pavement. There was no evidence that it was "impossible to avoid stopping and temporarily leaving" the car in the latter location, or that the car was ever, at any time, impossible to move.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur. Jordan, P. J., Pannell and Evans, JJ., concur specially. Hall, P. J., Eberhardt and Deen, JJ., dissent.*

SUBMITTED APRIL 8, 1969—DECIDED NOVEMBER 10, 1969.

*Robert Edward Surles*, for appellant.
*Frank M. Gleason*, for appellee.

JORDAN, Presiding Judge, concurring specially. I agree with the conclusion reached by the majority opinion that the trial court did not err in failing to charge paragraph (b) of *Code Ann.* § 68-1668. In my opinion this exception applies only when a vehicle becomes disabled *"while* on the paved . . . portion of a highway"* to the extent that it is impossible to avoid stopping or temporarily leaving the vehicle in such a position. The evidence here is clear and uncontradicted that the defendant's vehicle became disabled (emergency brake would not release) while *off* the highway and that the defendant moved the disabled vehicle *on* or *near* the paved portion of the high-

way, i.e., from a place of relative safety to one of imminent danger. Under such a state of facts, the evidence did not authorize a charge on paragraph (b) of *Code Ann.* § 68-1668.

I am authorized to state that Judge Pannell concurs in this view.

EVANS, Judge, concurring specially. I believe the words "State-aid roads or highways" as used in *Code Ann.* § 68-1670 (a-15) (Ga. L. 1953, Nov. Sess. pp. 556, 598) mean State-aid roads or State-aid highways; that is, that whether it is a road or highway the law requires that it be one in the State system of "State-aid roads or highways." While the evidence in the record on this point is slight, this court may take judicial notice of the maps filed as authoritative records of the State-aid Road System as required by the General Assembly by *Code* § 95-1608. The courts have taken judicial notice of said engineers' report and maps in *Jordan v. State*, 212 Ga. 337, 340 (92 SE2d 528), and this case has been followed in *Williams v. State*, 96 Ga. App. 833 (1c) (101 SE2d 747). Thus, taking judicial notice of such map of State-aid roads, as filed in the office of Secretary of State on March 6, 1967, the road referred to by the evidence in this case at the point where the collision occurred shows same to be a part of the State-aid system (State Highway System and Connections). I concur specially in Headnote 1 and in the judgment of affirmance.

HALL, Presiding Judge, dissenting as to Division 2. I think the trial court was in error in failing to charge subsection (b) of *Code Ann.* § 68-1668. It provides as follows: "(b) This section shall not apply to the driver of any vehicle which is disabled while on the paved or main-traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position: Provided, however, the driver or person in charge of such vehicle shall cause such vehicle to be removed from the roadway as promptly as possible; . . ."

The majority opinion is totally unrealistic in holding that in order for the statute to apply it must be "impossible" to move the vehicle any distance whatsoever. Under this theory if one could move the vehicle "one inch" the statute would be inapplicable.

The evidence clearly authorizes a finding that the defendant was attempting to remove a "disabled" vehicle "as promptly as possible." By charging *Code Ann.* § 68-1668 (a), declaring parking on any part of the highway to be negligence per se, and refusing to charge *Code Ann.* § 68-1668 (b), which declares (a) to be inapplicable where the vehicle is "disabled" and the driver is attempting to correct the disability as promptly as possible, the court in effect is creating liability without fault.

Even more unusual is the *logicalization* of one special concurrence which states that where a vehicle is disabled off the highway and by some means gets partially on the highway while still disabled, it is not a "vehicle which *is* disabled while on the paved" highway. What then—pray tell—is it? The uncontradicted evidence shows that the disability of the vehicle and the defendant's action in attempting to remove this disability caused the vehicle to be part way on the pavement in a disabled condition. The vehicle was "disabled" when part of it came upon the highway and the defendant was attempting to alleviate the "disability" at the time of the accident.

The question here relates to the intent of the General Assembly. In the main, its membership is that of lay men and women untouched by the fetishisticness of myopic legalisms. They intended that a person who parks on the highway is guilty of negligence per se, but made an exception where the vehicle is disabled and the driver is attempting to alleviate the disability as promptly as possible.

This was a proper case for the jury but the defendant is entitled to have that body consider all the principles of law contained in *Code Ann.* § 68-1668—the exception as well as the rule.

I am authorized to state that Judges Eberhardt and Deen concur in this dissent.