44786. TAYLOR v. FLOYD PIKE ELECTRICAL CONTRACTORS, INC. et al.

WHITMAN, Judge. 1. The refusal of the trial court to permit the plaintiff at the outset of his case to cross examine one of the defendants as an opposite party is enumerated as error. See *Code Ann.* § 38-1801. The court ruled that plaintiff would have to examine the defendant as his own witness since he had him under subpoena and had sworn him along with his own witnesses. However, if there was error, it has not been shown to have been harmful. Later in the case this defendant testified as a witness in his own behalf and was subjected to a thorough and sifting cross examination by the plaintiff.

2. The following portion of the charge to the jury was timely excepted to and is enumerated as error: "I further charge you, gentlemen, that since the alleged collision occurred within the corporate limits of the City of Alma, if you find from a preponderance of the evidence that the alleged collision occurred within a residence district, there is no statute law of the State of Georgia which would have prevented the defendants, or either of them, from parking a vehicle upon the paved or main travel part of the highway. Now, reference herein to residence district is as defined in Code Section 68-1504, Paragraph 5, Subparagraph B, which provides as follows: 'Residence District. The territory contiguous to and including a highway not comprising a business district when the property on such highway for a distance of 300 feet or more is, in the main, improved with residence or residences or buildings in use for business; provided, however, that when such territory is located outside the incorporated limits of a city or town, it is designated and marked as such by the Director of Public Safety.' "

The plaintiff's exception to this portion of the charge was that: "[S]o, much of that portion of the charge as stated that there is no statute law of the State of Georgia which would have prevented the defendants, or either of them, from parking a vehicle upon a paved or main travel part of the highway, would be to restrict and limit the jury in deliberations, and would be in conflict with the provisions of the law that regulates the parking and stopping of vehicles within residential districts by ordinance and statutes. . ."

The exception was well taken, as there is a statute which prevents one from parking a vehicle upon the paved or main traveled part of the highway within a residence district. The Motor Vehicle Act provides that "No person shall stop, stand, or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with law or the directions of a police officer or traffic-control device, in any of the following places: . . . 15. It shall be unlawful for any person to stop or park any automobile, truck, tractor, trailer, or other motor vehicle, or horse-drawn vehicle on or along any state-aid road or highway, unless such vehicle be placed so that it is at least 12 feet removed from the centerline of such state-aid road or highway; and such vehicle shall be so parked that no portion thereof shall be within 12 feet of the

centerline of such state-aid road or highway." *Code Ann.* § 68-1670 (a) (15) (Ga. L. 1953, Nov. Sess., pp. 556, 598, as amended). This statute is applicable to highways as well as state-aid roads and therefore is applicable to "every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." *Kell v. Mc-Cumber,* 120 Ga. App. 620, 621 (171 SE2d 789); *Code Ann.* § 68-1504 (1) (a) (Ga. L. 1953, Nov. Sess., pp. 556, 561, as amended). The provisions of *Code Ann.* § 68-1670, supra, are applicable throughout the State and in all political sub-divisions and municipalities therein, including Alma, Ga., where the collision in the case sub judice occurred. *National Upholstery Co. v. Padgett,* 108 Ga. App. 857, 861 (134 SE2d 856); *Code Ann.* § 68-1606 (Ga. L. 1953, Nov. Sess., pp. 556, 567).

It was error for the trial judge, apparently having regard only to *Code Ann.* § 68-1668 (Ga. L. 1953, Nov. Sess., pp. 556, 597), which defines a motorist's duty with regard to stopping a vehicle on a highway *outside* of a business or residence district, to instruct the jury that if they found that the collision occurred within a residence district inside the corporate limits of Alma, Ga., that there would be no law prohibiting one from stopping or parking a vehicle on the highway.

3. The two remaining enumerations, which relate to another exception to the charge and the overruling of a motion for new trial on the general grounds, are without merit.

The judgment is reversed for the reason set forth in Division 2.

*Judgment reversed. Jordan, P. J., concurs. Evans, J., concurs specially.*

ARGUED OCTOBER 7, 1969—DECIDED MARCH 6, 1970—REHEARING DENIED MARCH 19, 1970—

*J. Laddie Boatright,* for appellant.

*Young, Young & Ellerbee, Cam U. Young, Barrie L. Jones,* for appellees.

EVANS, Judge, concurring specially. 1. I would reverse the trial court for failing to allow the plaintiff to make the opposite party a witness against himself, for the right of cross examination in such instances is authorized and provided for in *Code*

*Ann.* § 38-1801 (Ga. L. 1945, p. 227; 1947, p. 568). While it is true that plaintiff was later allowed to cross examine the defendant after defendant's own counsel had called him to the witness stand, and after defendant's counsel had first examined him in chief, I do not conceive this to comply with the statute. The element of timing is all-important in such matter, and it was the right of the plaintiff to adduce all admissions that he could from the defendant's own testimony as a part of the making out of plaintiff's prima facie case. To withhold this right of cross examination until the defendants' counsel first examined the defendant was not nearly as effective as if plaintiff's counsel had the first opportunity to question the defendant. See *Thompson v. Central of Ga. R. Co.*, 102 Ga. App. 5 (1) (115 SE2d 471); *Thomas v. Barnett*, 107 Ga. App. 717 (8) (131 SE2d 818); *Barton v. Strickland*, 208 Ga. 163 (65 SE2d 602). Many trial lawyers know that a witness may give damaging testimony against his side of the case if a thorough cross examination of said witness is allowed before his own counsel has the chance to examine him. This could not be said to be harmless error.

2. It is my opinion that the charge of the court here complained of in Division 2 was erroneous for the reason stated therein because the record shows the introduction of an ordinance of the City of Alma which made it illegal for the owner of any vehicle to allow it to be parked on the left side of any street so as to be facing on-coming traffic. Plaintiff's exception to the charge that there is no statute law which would have prevented the defendants' parking a vehicle upon the paved or main traveled part of the highway was therefore well taken. Parking in this instance was violative of the ordinance allowed in evidence, and may have been violative of the statutory law also, if "Radio Station Road" in the City of Alma is indeed a part of the state-aid road and public highway network of this State.

I therefore concur in the judgment of reversal for the reasons given above.