## 50359. PROGRESSIVE CASUALTY INSURANCE COMPANY v. WEST.

PANNELL, Presiding Judge.

Plaintiff, Gladys West, brought a complaint against the defendant, Progressive Casualty Insurance Company, seeking recovery under a collision insurance policy for damages to her automobile alleging "that her vehicle had a market value of $975.00 prior to the time of the loss, with a salvage value of $76.00, leaving a total loss to her of $809.00." She also sought 25% damages, plus attorney fees under Code Ann. § 56-1206, charging the defendant with bad faith in refusing to pay her claim. The defendant answered admitting liability but denied the alleged market value of the automobile and denied the salvage value, alleging that a bid of $125 was obtained for plaintiff by defendant for the wrecked automobile and further that the policy contained a $100 deductible clause. The allegations of bad faith in refusing to pay were denied and the defendant further alleged that it had offered to settle for $416.50, but that plaintiff insisted upon the amount claimed in her proof of claim, which showed a market value of $975, a towing charge of $49, less $76

salvage and $100 deductible, leaving $799 claimed as damages. Plaintiff by amendment reduced this to $750, apparently conceding the salvage value of $125, rather than $76 as claimed by her and deleting her claim for towing which she was not entitled to under the policy. The plaintiff testified that her automobile was worth at the time of the collision the sum of $950. A witness for the defendant, qualified as an expert, appraised her automobile at considerably less. This witness appraised a car of her make and model, if in average condition, to be worth $950 and stated that because of the below average condition of the plaintiff's automobile as to its exterior with peeling paint, its interior with soiled and dirty upholstery, its excessive mileage, slightly over 77,000 miles, its defective accelerator and poor brakes, giving figures for each item of deduction and appraised the car's value at the time of collision at $612.50. He then deducted the $100 deductible, together with the net salvage after deducting storage charges, leaving an insured loss of $416. At the close of the evidence, the defendant made a motion for a directed verdict as to the damages and attorney fees because of alleged bad faith in refusing to pay. The trial judge overruled the motion and the defendant filed its motion for judgment notwithstanding the verdict as to this area of the case. The trial judge overruled this motion and the defendant appealed. *Held:*

1. "It is elementary that, 'If the evidence is such that a finding in accordance with the contentions of the defendant would have been authorized, a finding of bad faith is not authorized. *Royal Ins. Co. v. Cohen,* 105 Ga. App. 746, 747 (125 SE2d 709).' *St. Paul Fire &c. Ins. Co. v. Postell,* 113 Ga. App. 862, 863 (149 SE2d 864); *American Cas. Co. v. Seckinger,* 108 Ga. App. 262 (132 SE2d 794); *Lincoln Life Ins. Co. of Georgia v. Anderson,* 109 Ga. App. 238 (3) (136 SE2d 1); *U. S. Fidel. &c. Co. v. Biddy Lumber Co.,* 114 Ga. App. 358, 359 (151 SE2d 466); *U. S. Fire Ins. Co. v. Tuck,* 115 Ga. App. 562, 574 (155 SE2d 431). . . If there is any reasonable ground for contesting the claim there is no bad faith and it is error to award penalty and attorney's fees. *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305, 316 (127 SE2d 454); *Belch v. Gulf Life Ins. Co.,* 219 Ga. 823, 828 (136 SE2d 351)." *Home Indemnity Co. v. Godley,*

122 Ga. App. 356, 363 (177 SE2d 105), cert. den. 122 Ga. App. 905.

2. Counsel for plaintiff in her opening statement to the jury stated the defendants made plaintiff an offer of $500. Upon request of defendant the jury were excused and the defendant moved for a mistrial. The trial judge gave the following instructions to the jury: "Gentlemen of the jury, Mrs. Sloan in her opening argument made the statement that the defendant insurance company made an offer of somewhere in the neighborhood of $500.00 in settlement of this case and it developed that that was after the lawsuit had been filed. Defense counsel moved for a mistrial which I denied, but the remark by Mrs. Sloan was improper. You will not consider[ate] it. Disabuse your mind altogether of any such offer of settlement after the law suit was filed. Negotiations up to the time that the law suit was filed is admissible in a case at this time. After the suit is filed, it has no bearing on this question whatsoever. You will disabuse your mind of any offer made by the defendant after this law suit was filed. I deny the motion for a mistrial."

Defendant renewed the motion for mistrial and the renewed motion was overruled. Such a statement by plaintiff's counsel, however, in view of the facts here, that defendant had pleaded a pre-action offer of $416 (just $84 less than the purported $500 offer), and the jury having found for plaintiff in the amount sued for as to the damage suffered, that is $750, ($250 more than the purported $500 offer) we do not feel that the overruling of the motion for mistrial, in view of the instructions of the court and the facts here, was so harmful as to require a reversal.

3. The judgment is affirmed with costs against the appellee and with direction that the damages and attorney fees be stricken from the judgment.

*Judgment affirmed with direction. Quillian and Clark, JJ., concur.*

ARGUED MARCH 11, 1975 — DECIDED MAY 15, 1975 — REHEARING DENIED JUNE 5, 1975 — 

*Jones, Cork, Miller & Benton, H. Jerome Strickland,*

4

for appellant.
*Eva L. Sloan,* for appellee.