51997. ALLSTATE INSURANCE COMPANY v. REYNOLDS.

ARGUED APRIL 12, 1976 — DECIDED APRIL 23, 1976 — REHEARING DENIED MAY 11, 1976.

*Sartain & Carey, Jack M. Carey,* for appellant.
*Palmour, Palmour & Lawson, James E. Palmour, III,* for appellee.

DEEN, Presiding Judge.
■ One of the contentions urged by the appellant is that this action was against both the insurer and its employee-agent, Hamby, based on a contract between the plaintiff and Hamby, and that a verdict finding in favor of Hamby but against Allstate is self-contradictory. The petition itself is in two counts (the second added by amendment) but as we construe Count 1 it is directed against the insurer based on a breach of duty to pay in accordance with its contract while Count 2 is directed against Hamby as an individual, in that after agreeing to procure the insurance, he failed to do so. An agent acting within the scope of his authority is liable only on his own express undertaking. Code § 4-409. *Fields v. Goldstein,* 97 Ga. App. 286, 287 (102 SE2d 921), affd. 214 Ga. 277 (104 SE2d 337). No fraud was alleged, as in *Clark v. Kelly,* 217 Ga. 449 (122 SE2d 731). The evidence shows that although Hamby took the original order for change of

coverage, the report that the Allstate renewal still carried the old boat and no equipment coverage was made to another person in the office rather than to Hamby individually; also, the papers, including the corrected endorsement, were mailed out from the Atlanta office. Count 1 does not demand a "both or neither" verdict, and the evidence supports that in favor of Hamby alone.

■ The one conflict of testimony on which this suit is based is that Reynolds swears he told Hamby he wanted coverage on equipment and accessories, and told the other agent that the paper received by him did not contain such coverage and that he had requested it. Hamby, the only witness for the defendants, denied that Reynolds had mentioned equipment and accessories coverage to him, but the jury might still have believed from the plaintiff's testimony that the coverage was twice requested, and yet not believed that Hamby concealed the lack of coverage from him and misrepresented that accessories were covered when he knew they were not. The oral order for change of coverage was in the nature of a binder, and enforceable according to its terms, whatever they were. Code § 56-2420; *Farm Bureau Mut. Ins. Co. v. Bennett,* 114 Ga. App. 623 (1) (152 SE2d 609). The jury chose to believe that the coverages ordered included the old trailer, new boat, new motor, and new accessories. Thus, the provisions of Code § 56-2420 (2) that no binder is to remain in effect more than 90 days does not apply where it is ratified by the issuance of a policy at a later date. Where it is not in writing parol evidence may of course be offered to prove its terms.

Appellant relies primarily upon two cases, *Sutker v. Pennsylvania Ins. Co.,* 115 Ga. App. 648 (155 SE2d 694) and *Parris & Son v. Campbell,* 128 Ga. App. 165 (196 SE2d 334) as authority for the proposition that a judgment is demanded in its favor. *Sutker* was "not a suit upon an insurance contract, written or oral, but is a tort action seeking damages because of the misfeasance or nonfeasance of . . . the servant and agent" (p. 650), and it was decided on demurrer. The action was thus based on respondeat superior, and the further holding in the case was that the agent was not liable in tort because "the breach must be shown to have been a breach of a duty

imposed by law and not merely the breach of a duty imposed by the contract itself." Id., p. 651. This case, by contrast, sounds in contract, the contention being that Allstate, through its agents, did insure the plaintiff and failed to pay in accordance with its contract. We have already shown that Allstate acknowledged an oral contract binder to cover the new boat; that it wrongly wrote up the original endorsement as covering another boat; and that the second written endorsement which the plaintiff also contends is inaccurate, was not received by the plaintiff until some seven months had passed and the boat and contents had been destroyed. Thus, the legal theories on which the cases were tried are entirely unrelated.

In Campbell's case, a homeowner's policy with two one-year permissible extensions was issued to the plaintiff. Upon expiration of this term a new policy was forwarded to the plaintiff, who failed to examine it but continued payments. The new policy, in accordance with changes approved by the insurance commissioner, lowered coverage on certain personal property, and plaintiff after sustaining a burglary loss sued for the difference in coverage between the first and second policies. The suit was for breach of contract, but relied in part on statements made by the local agent *after* the loss, which the court correctly held did not effect either an estoppel or a reformation of the contract. The plaintiff "was charged by law with knowledge of the coverage." Id., p. 173. The situation is not at all apposite to the present case, where Reynolds *never* received a written policy on his boat until after its loss, although for several months he made repeated inquiries and was assured, according to his testimony, that the boat and contents were covered. That the boat was covered was conceded by Allstate; whether the contents were covered depends on whether he stipulated for the additional coverage and it was accepted. The plaintiff swore to this effect and the jury believed him. The contract was treated as being in existence for some seven months prior to the loss, and premiums were paid and accepted. The verdict against the insurer was thus supported by the evidence.

■ If the evidence is such that a finding in accordance

with the contentions of the defendant would have been authorized, the insurer cannot be penalized for bad faith. *Progressive Cas. Ins. Co. v. West,* 135 Ga. App. 1 (1) (217 SE2d 310). This case represents a swearing match between Reynolds and the agent Hamby, in which Reynolds won. Accordingly, no penalty for bad faith on the part of the insurer can be assessed, since, had the jury believed Hamby, a verdict in its favor would have been authorized.

■ The fourth enumeration of error is "in permitting appellee to answer a question showing an offer in compromise during the pendency of the litigation, and in refusing to grant appellant's motion for mistrial after the answer was given. The court compounded the error when it gave cautionary instructions to the jury by stating, 'The court will admit this testimony only for the purpose of showing bad faith.' " The objection to the question was in fact sustained. "It is not grounds for mistrial where a trial judge in excluding evidence explains to the jury that evidence as to compromise is inadmissible and should not be considered in determining the truth of the case." *Southeastern Metal Products, Inc. v. DeVaughn,* 99 Ga. App. 569 (3) (109 SE2d 305); *Hodnett v. Hodnett,* 99 Ga. App. 565 (109 SE2d 285). Following the denial of the motion for mistrial, the court instructed the jury that "you will not consider [the offer to compromise] in making up your verdict in this case. The court will admit this testimony only for the purpose of showing bad faith, if there is bad faith. . ." Since this instruction is not enumerated as error and the finding of bad faith damages has been stricken, it is unnecessary to decide whether under the circumstances the offer was admissible for the purpose specified..

■ Where the plaintiff testified that he called the Atlanta telephone number furnished him by the insurer's claims adjustor, and that the person with whom he talked was knowledgeable about the contents of his claim, it was not reversible error to state the substance of the conversation although the plaintiff could not identify by name the person with whom he was talking. *Thruway Service City, Inc. v. Townsend,* 116 Ga. App. 379 (3) (157 SE2d 564).

█ The court refused to allow testimony of two witnesses offered in rebuttal by the defendant, on the ground that the names had not been furnished the plaintiff as required by the pre-trial order. The briefs also deal with local rules promulgated by the State Court of Hall County under authority of Code § 81A-183; however, these rules are not in the record and this court cannot take judicial notice of their contents. In *Ambler v. Archer*, 230 Ga. 281 (196 SE2d 858) the same issue was raised. There, however, was a "timely motion to amend the pre-trial order at the call of the case for trial and no inconvenience to the court or to the opposite party was occasioned by such failure." This court noted in that case that failure to allow the use of witnesses in a proper case is reversible error, presumably on due process grounds. "It is noteworthy that nothing in § 16 of the Act can even remotely be construed as prohibiting the use by a party of any witness not listed in the pre-trial order . . . [But] even a cursory reading of the federal cases leads to the conclusion that the federal appellate courts have been very reluctant to control the exercise of the discretion reposed in the trial judge by Rule 16. . . But, in cases demonstrating a clear abuse of that discretion, the appellate courts have not refused to act." Id., p. 287. It is also stated in Moore's Federal Practice, Vol. 3, § 16.16 that the language of Rule 16 (our § 81A-116) allowing the pre-trial order to contain "(6) Such other matters as may aid in the disposition of the action" is frequently used for this purpose. "Finally subdivision (6) serves as a basis for the requirement, being adopted in more and more courts, that the parties reveal at pre-trial the names of the witnesses they intend to call. Failure to supply these names, unless excusable may result in . . . refusal to hear the testimony of the undisclosed witness," citing Andrews v.. Olin Mathieson Chem. Corp. (CA 8th, 1964) 334 F2d 422, 8 FR Serv 2d 16.268, Case 2; Thompson v. Calmar S. S. Corp. (CA 3d, 1964) 331 F2d 657, 8 FR Serv 2d 16.42, Case 1, cert. den. 379 U. S. 913 (85 SC 259, 13 LE2d 184); Taggart v. Vermont Transp. Co., 32 FRD 587, 7 FR Serv 2d 16.42, Case 1, affd. 325 F2d 1022.

The rule should obviously be more leniently applied in the case of rebuttal witnesses, where last minute

decisions on whether to offer impeaching or contradicting evidence are the rule rather than the exception. But the court does have some discretion in the matter. In this case we note two points. The witnesses were employees of the defendant with whose knowledge of the facts it had shown prior familiarity. And while the defense proper closed on one day, the witnesses were not offered until the next, no effort was made to notify the plaintiff in advance or to move for amendment of the pre-trial order. Since the evidence offered contradicted the plaintiff's testimony only circumstantially, if at all, we will not interfere with the trial judge's discretion.

■ The excerpt from the charge complained of, taken in connection with the instructions as a whole, did not constitute an expression of opinion. The statement that a claim is due and payable "within 60 days after the proof of loss was filed" instead of "after 60 days" is inconsequential.

■ The motion to tax costs against the plaintiff is granted.

*Judgment affirmed on condition the plaintiff write off the sum awarded for penalty and attorney fees; otherwise reversed. Quillian and Webb, JJ., concur.*