AMERICAN INTERNATIONAL TRADING CORP., Plaintiff–Appellee Cross–Appellant,

v.

PETROLEOS MEXICANOS, Defendant–Appellant Cross–Appellee.

No. 86–2941.

United States Court of Appeals, Fifth Circuit.

Dec. 23, 1987.

---

L. Glen Kratochvil, Lauren S. Mattiuzzi, Schirmeyer & Kratochvil, Houston, Tex., for defendant-appellant cross-appellee.

Robert J. Cunningham, Clann & Pearson, Houston, Tex., Michael H. Male, Male & Simon, Miami, Fla., for plaintiff-appellee cross-appellant.

Before WISDOM, GEE, and RANDALL, Circuit Judges.

WISDOM, Circuit Judge:

The key question presented by this appeal is whether, in a contract action tried under Texas law, a prevailing plaintiff is always entitled to an award of prejudgment interest. We find that an award of prejudgment interest is not mandatory in all Texas contract cases, but in this case the trial court provided an insufficient explanation for denying the plaintiff's request for prejudgment interest. We, therefore, remand this case and direct the district court to reconsider its denial of prejudgment interest.

## I. FACTS AND PRIOR PROCEEDINGS

On September 15, 1981, Petroleos Mexicanos ("PEMEX") issued a purchase order to American International Trading Corp. ("AITC") for 105,000 tons of barite. When PEMEX failed to schedule delivery of the barite, AITC brought suit against PEMEX alleging breach of contract and fraud. Although both parties agree that PEMEX issued the September 15, 1981, purchase order, there is substantial disagreement

about the subsequent transactions between PEMEX and AITC.

The parties' central dispute involves a meeting held in PEMEX's offices in Mexico City in October of 1981. PEMEX argued at trial that the purpose of the meeting was to negotiate a novation, that is, to cancel the 105,000 ton contract and replace it with a 50,000 ton contract. AITC acknowledged the existence of a 50,000 ton purchase order from PEMEX, but contended that the order was a second independent contract. PEMEX argued that AITC was represented at the October meeting by its president, Mr. Brumlik, and an agent, Roberto Chavez, and that Chavez, speaking in Spanish on behalf of AITC's president, agreed to the alleged novation. The trial court, however, found that Chavez had neither the intention nor the authority to novate the 105,000 ton contract. This finding was consistent with Chavez's testimony. The trial court agreed with AITC that the purpose of the meeting was to schedule shipments. Thus, PEMEX failed to prove mutual assent to the alleged novation.

At trial, PEMEX offered the testimony of two witnesses, Oscar Casanova and Miguel Inclan. AITC objected to their testimony, because neither witness's name was listed on the joint pretrial order. The trial court ruled that the witnesses should not be allowed to testify, but the district judge allowed their testimony to be taken on a bill of exceptions before a magistrate.

The court held that PEMEX breached its contract with AITC, and the court awarded AITC $7,770,000 in damages. The court, however, denied AITC's request for prejudgment interest. This appeal followed.

## II. ISSUES ON APPEAL

PEMEX argues that the trial court should have permitted Casanova and Inclan to testify and that the trial court erred in finding that Roberto Chavez did not serve as AITC's agent at the October meeting.

PEMEX also argues for the first time that the trial court should have applied Mexican law, rather than Texas law. AITC argues that this appeal warrants sanctions as frivolous, and AITC cross-appeals the trial court's denial of prejudgment interest.

### A. The Exclusion of Undisclosed Witnesses

■ The defendant, PEMEX, argues that the court's refusal to allow two witnesses to testify at trial because their names were not listed on the joint pretrial order was an act of manifest injustice, which contradicted Federal Rule of Civil Procedure 16(e) and this Court's holding in *Central Distributors, Inv. v. M.E.T., Inc.* [1] PEMEX contends that the two witnesses' exclusion "effectively bar[red] a meaningful examination of the only real issues present" [2] in this case, that is, the purposes of the parties' October 1981 meeting. PEMEX also argues that its failure to list the witnesses' names on the pretrial order was harmless and the result of "political considerations between PEMEX and the Oil Workers Union of Mexico".[3]

■ "Questions concerning both the interpretation of pretrial orders and the exclusion of undisclosed witnesses are reviewable only for abuse of discretion." [4] Because we find no abuse of discretion, we reject the defendant's argument. As in *Keyes v. Lauga* the defendants "[f]rom the outset of this action" knew the plaintiff's contentions and "[t]he necessity for [Inclan's] and [Casanova's] rebuttal testimony could reasonably have been anticipated".[5] The "political considerations" between PEMEX and the witnesses' union are unpersuasive reasons for not listing Inclan and Casanova as potential witnesses. PEMEX instructed its attorney not to list Inclan and Casanova as witnesses, and PEMEX must bear the consequences of its strategy. As this Court stated in *Keyes v. Lauga:*

---

1. 403 F.2d 943 (5th Cir.1968).

2. *Central Distributors,* 403 F.2d at 946.

3. Appellant's Brief at 6.

4. *Keyes v. Lauga,* 635 F.2d 330, 335 (5th Cir. 1981); *see also Davis v. Marathon Oil Co.,* 528 F.2d 395 (6th Cir.1975).

5. 635 F.2d at 335.

If the defendants knew or should have known that the witnesses were necessary, then the exclusion of those witnesses was not manifestly unjust. In fact, the admission of the two witnesses may well have resulted in manifest injustice to the plaintiffs, for they would not have had time to prepare their own response to those witnesses' testimony. In these circumstances, the trial court did not abuse its discretion by refusing to allow the defendants to ambush [the plaintiffs] ... by introducing two surprise witnesses whose credibility could not have been attacked by the plaintiffs.[6]

The trial court's decision did not result in the type of manifest injustice at issue in *Central Distributors*. There the plaintiff's complaint was dismissed because he failed to introduce competent evidence of damages, and the district court's refusal to amend the pretrial order to allow certain records as evidence of damages was fatal to the plaintiff's case. In the present case, the defendant failed to show how the absence of testimony from Inclan and Casanova similarly was prejudicial. Furthermore, the evidence that the plaintiff sought to introduce in *Central Distributors* was documentary evidence, not witness testimony, for which the opposing party must prepare a response.

## B. *Whether Chavez Served as AITC's Agent?*

PEMEX argues that this Court should reverse the trial court's finding that Roberto Chavez did not act as AITC's agent, a finding that PEMEX alleges is a mixed question of law and fact. AITC contends that the issue of agency is a question only of fact and that the district court's finding is protected by the "clearly erroneous" standard of review. Although we agree with PEMEX that this issue is a mixed question of law and fact, we also find that this question is subject to the "clearly erroneous" standard of review, and we affirm the district court's finding.

Although one Texas court has stated that agency is a question of fact,[7] another has stated that agency is a question of law.[8] Actually they are both right; under Texas law, agency is a mixed question of law and fact. The jury's or factfinder's duty is to determine the factual relationship of the parties. The court, under the ascertained facts, then determines whether an agency relation exists as a matter of law.[9] Because this case was not argued before a jury, the trial judge made both the factual and legal determinations regarding the alleged agency relation.

The more difficult question, however, is the proper standard of review. This Court rightly stated in *Carpenters Amended & Restated Health v. Holleman*,[10] "The question of the appropriate standard of review for mixed issues of fact and law has long bedeviled appellate courts."[11] In cases where facts were undisputed, we freely have reviewed such questions, but with disputed facts we often have applied the clearly erroneous rule.[12] This case's main dispute concerned what Mr. Chavez said and did at the parties' October 1981 meeting. This predominance of factual issues demands that we apply the "clearly erroneous" standard of review in this case.[13]

There was ample evidence for the district court to conclude that Mr. Chavez did not serve as an agent of AITC at the October meeting. Mr. Chavez testified at trial that he was not an agent of AITC and that he never agreed to replace the 105,000 ton contract with a 50,000 ton contract. In these circumstances, we cannot find that

---

**6.** *Id.*

**7.** *See, e.g., Jorgensen v. Stuart Place Water Supply Corp.*, 676 S.W.2d 191, 194 (Tex.App.—Corpus Christi 1984).

**8.** *See, e.g., Mercedes-Benz of N. Am. v. Dickenson*, 720 S.W.2d 844 (Tex.App.—Fort Worth 1986).

**9.** 3 Tex.Jur.3d, *Agency* § 259 (1980).

**10.** 751 F.2d 763 (5th Cir.1985).

**11.** 751 F.2d at 767 n. 7.

**12.** *Id.*

**13.** *See also Backar v. Western States Prod. Co.*, 547 F.2d 876, 884 (5th Cir.1977).

**540**

the district court's determination was clearly erroneous.

### C. *The Applicability of Mexican Law*

■ For the first time, PEMEX argues that the trial court should have applied Mexican law rather than Texas law. PEMEX contends that this Court should consider this choice of law question to avoid a miscarriage of justice, because under Mexican law the computation of damages is radically different. AITC argues that PEMEX's failure to plead and prove the application of Mexican law at trial precludes its consideration on appeal. Alternatively, AITC argues that Mexican law is inapplicable under Texas choice of law principles. We agree with AITC that PEMEX is precluded from arguing this choice of law question; PEMEX is unable to show how the trial court's decision resulted in manifest injustice.

It is well established that "parties generally are bound by the theory of law they argue in the district court, absent some 'manifest injustice' ".[14] PEMEX contends that the law of Mexico would offer a better or, at least, different result. Manifest injustice, however, exists in extreme circumstances. If "manifest injustice" only meant that application of another jurisdiction's law would yield a different result, then choice of law issues could always be raised first on appeal. PEMEX has not shown manifest injustice.

### D. *Sanctions for Frivolous Appeal*

■ AITC argues that PEMEX's appeal is frivolous, and AITC requests damages under Federal Rule of Appellate Procedure 38 and 28 U.S.C. §§ 1912, 1927. AITC

correctly asserts that an appeal is considered frivolous "when it involves legal points not arguable on their merits".[15] This appeal, however, is not frivolous. The defendant's contention that the district court erred by not finding that Roberto Chavez acted as AITC's agent is arguable. Although we affirm the trial court's ruling as not being clearly erroneous, this Court could have reviewed freely this mixed question of law and fact. Furthermore, the defendant's contention that the district court erred in not permitting two witnesses to testify is not frivolous. The issue was close enough in the opinion of the trial court that the judge allowed the testimony to be taken on a bill of exceptions before a magistrate.

### E. *Prejudgment Interest*

On cross-appeal AITC argues that the district court erred in denying its request for prejudgment interest. According to AITC, the reasoning of *Cavnar v. Quality Control Parking*[16] and *Crown Central Petroleum Corp.*,[17] requires that prejudgment interest be awarded to all prevailing plaintiffs in contract cases tried under Texas law. Although the defendant's response to AITC's argument is unpersuasive,[18] this Court's examination of Texas law reveals that an award of prejudgment interest is not mandatory in all contract cases.

■ Prejudgment interest can be awarded in a contract case on either legal or equitable grounds.[19] The legal ground for prejudgment interest in a contract case is provided in article 5069–1.03,[20] which mandates an award of prejudgment interest when an ascertainable sum was due at

---

14. *Shelak v. White Motor Co.*, 581 F.2d 1155, 1160 (5th Cir.1978); *see also Glona v. American Guar. & Liab. Ins. Co.*, 379 F.2d 545, 546 (5th Cir.1967). In fact the applicability of a foreign country's law should be raised by reasonable notice before trial. *See* Fed.R.Civ.P. 44.1.

15. *Hagerty v. Succession of Clement*, 749 F.2d 217, 222 (5th Cir.1984).

16. 696 S.W.2d 549 (Tex.1985).

17. 768 F.2d 632 (5th Cir.1985).

18. PEMEX, the defendant, contends that prejudgment interest is unwarranted in this case, because there is legislation pending in the Texas Legislature that would abolish prejudgment interest awards.

19. *Missouri–Kansas–Texas R.R. Co. v. Fiberglass Insulators*, 707 S.W.2d 943, 947 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

20. Tex.Rev.Civ.Stat.Ann. art. 5069–1.03 (Vernon 1987).

a definite date prior to judgment.[21] Recent Texas appellate decisions suggest that an equitable award of prejudgment interest in a contract case is within the trial court's discretion,[22] but these courts have not provided trial courts guidelines for allowing or denying such awards. This Court today addresses such guidelines in the case of *Concorde Limousines v. Moloney Coachbuilders*.[23] As we conclude in *Concorde Limousines*, under Texas law an equitable award of prejudgment interest should be granted to a prevailing plaintiff in all but exceptional circumstances. Because the trial court in this case provided no explanation for its denial of prejudgment interest, however, we remand this case for the trial court's reconsideration of this issue. The trial court must determine whether exceptional circumstances warrant a denial of prejudgment interest in this case.

### III. CONCLUSION

We reject each of the defendant's arguments for reversal. The trial court's exclusion of two defendant witnesses was not an abuse of discretion, the court's finding that Roberto Chavez did not act as AITC's agent was not clearly erroneous, and the court's choice of Texas law did not result in manifest injustice. We also reject, however, the plaintiff's argument that the defendant's appeal is frivolous.

The more difficult issue in this appeal is whether the plaintiff is entitled to an award of prejudgment interest. We hold that a prevailing plaintiff in a contract case tried under Texas law is entitled to an award of prejudgment interest in all but exceptional circumstances. Because the trial court did not explain its rationale for denying the plaintiff's request for prejudgment interest, we REMAND this case for reconsideration of this issue.

21. Presumably a legal award of prejudgment interest was unwarranted in this case, because there was no evidence that the price PEMEX owed AITC for the barite shipment was due at a definite date.

22. *Acco Constructors, Inc. v. National Steel Prods.*, 733 S.W.2d 368, 371 (Tex.App.—Houston [14th Dist.] 1987, no writ); *Perry Roofing Co. v. Olcott*, 722 S.W.2d 538, 545 (Tex.App.—Fort Worth 1986, writ granted).

23. 835 F.2d 541, (5th Cir.1987).