## A91A0168. PROGRESSIVE PREFERRED INSURANCE COMPANY v. DAVIS.

(405 SE2d 529)

CARLEY, Judge.

The relevant facts in this declaratory judgment action are as follows: Appellant-defendant Progressive Preferred Insurance Company issued an automobile insurance policy which provided coverage for three specified vehicles. On Friday, June 23, 1989, the insured telephoned his insurance agent and orally requested that the coverage under his policy with appellant be changed so as to delete the existing coverage on a 1978 Ford flatbed truck and to extend that coverage to a 1981 Toyota truck. This request was communicated to appellant by the agent and a new endorsement was drawn which provided substituted coverage for the Toyota truck under the existing policy as of June 19, 1989. On Saturday, June 24, 1989, the insured apparently left a message with his agent's answering service requesting that the Ford truck be added back to the policy. It appears to be undisputed, however, that this communication was never received by the agent until the following Monday. Meanwhile, on Sunday, June 25, 1989, the Ford truck was involved in a collision wherein appellee-plaintiff Margaret Davis was injured. On Monday, June 26, 1989, the insured did speak directly with his agent and requested that the Ford truck be added back to the existing policy. This request was communicated by the agent to appellant and an endorsement was issued adding the Ford truck as an insured vehicle under the existing policy as of Monday June 26, 1989, the day *after* the collision.

On this evidence, cross-motions for summary judgment were filed. The trial court granted appellee's motion and denied appellant's motion, on the ground that the insured had made no written request to change or cancel his coverage on the Ford truck. Appellant appeals from the order of the trial court granting summary judgment in favor of appellee and denying its motion for summary judgment.

OCGA § 33-24-44.1 (a) provides, in relevant part, that "[a]n insured may request *cancellation of an existing insurance policy . . .* by making a written request for *cancellation of an insurance policy* to the insurer or its duly authorized agent stating a future date on which the *policy is to be canceled.*" Subsection (e) further provides that "an insurance *policy* which by its terms may be *canceled* by the insured shall be *canceled* in accordance with this Code section." (Emphasis supplied.) The trial court concluded that this statute applied to the facts of the instant case and that the insured had attempted an ineffective oral cancellation rather than an effective written cancellation of coverage on the Ford truck.

OCGA § 33-24-44.1 speaks in terms of the "cancellation" of an existing insurance "policy." "Cancellation" is defined as the

"[a]bandonment of [a] contract." Black's Law Dictionary (4th ed. 1951). OCGA § 33-24-44.1 does *not* speak in terms of the mere "substitution" of that item of specified property which is to be afforded "coverage" under an existing insurance policy. "Substitution" is defined as "[p]utting in place of another thing, change of one thing for another, serving in lieu of another. . . ." Black's Law Dictionary (4th ed. 1951). There is no evidence of the insured's intent or attempt to abandon or cancel his existing policy of insurance with appellant. The insured was originally provided coverage for three vehicles and he merely requested that that *exact same coverage continue* with the Toyota truck being *substituted* for the Ford truck as one of the three insured vehicles under the *existing policy*.

It is undisputed that the existing policy was never cancelled in its entirety and that the insured was provided continuous coverage for three vehicles. However, on the date of the collision, the Ford truck was not among those three insured vehicles because the insured had previously made a valid enforceable oral request for a change of coverage. "The oral order for change of coverage was in the nature of a binder, and enforceable according to its terms, whatever they were. [Cits.]" *Allstate Ins. Co. v. Reynolds*, 138 Ga. App. 582, 584 (2) (227 SE2d 77) (1976). See also OCGA § 33-24-33 (a). It follows that the trial court erred in denying appellant's motion for summary judgment and in granting summary judgment in favor of appellee.

*Judgments reversed. Banke, P. J., and Beasley, J., concur.*

DECIDED APRIL 9, 1991 —
REHEARING DENIED APRIL 29, 1991 —

*Brock & Clay, Marjorie M. Rogers, Karen G. St. Amand*, for appellant.
*Davidson & Fuller, Stephen P. Fuller*, for appellee.