**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-40258
Summary Calendar
_____

TERRY L. O'QUINN,

Plaintiff-Appellant,

versus

WORLD INDUSTRIAL CONSTRUCTORS, INC.,
ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(1:94 CV 179)
_____
September 19, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff Terry L. O'Quinn appeals the district court's order granting Defendants', World Industrial Constructors, Inc., et al. ("World"), motion to dismiss for lack of personal jurisdiction. We affirm.

World, a United States Virgin Islands corporation, entered into a contract for the construction of an oil refinery in the Virgin Islands. World then entered into a separate contract with

_____

[*] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Merit Industrial Constructors, Inc. ("Merit"), a Louisiana corporation, to provide the labor and facilities necessary to recruit construction workers in the contiguous United States for the oil refinery job. The World-Merit contract explicitly states that Merit does not have authority to hire, and that all hiring will be done by World in the Virgin Islands.

Merit established an office in Texas City, Texas. O'Quinn submitted an employment application to Merit's Texas office. Merit arranged for O'Quinn to travel to Merit's Louisiana offices for testing and then to World's facilities in the Virgin Islands, where he was hired as a pipefitter. Shortly thereafter, O'Quinn sustained a back injury in the course of his employment.

O'Quinn filed a negligence action against World and Merit in the United States District Court for the Eastern District of Texas. World and Merit filed alternative motions either to transfer venue or to dismiss for lack of personal jurisdiction. The district court granted World's motion to dismiss for lack of personal jurisdiction. The court then granted O'Quinn's motion to voluntarily dismiss the claims against Merit. O'Quinn appeals, contending that the district court improperly granted World's motion to dismiss for lack of personal jurisdiction.[1]

---

[1] We review the district court's determination of personal jurisdiction over nonresident defendants *de novo*. *Command-Aire v. Ontario Mechanical Sales & Serv., Inc.*, 963 F.2d 90, 93 (5th Cir. 1992). Disputed material facts must be construed in the light most favorable to the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990).

A nonresident defendant is subject to personal jurisdiction in a federal diversity suit to the extent that the law of the forum state and constitutional due process considerations allow. *Bullion v. Gillespie*, 895 F.2d 213, 215 (5th Cir. 1990). Both sides agree that Texas law applies to the jurisdictional inquiry in this case. Consequently, the personal jurisdiction of the district court depends on the scope of the Texas long-arm statute.[2] Texas courts have interpreted the Texas long-arm statute to extend to the limits of due process. *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 372 (5th Cir. 1987); *U-Anchor Advertising, Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex. 1977), *cert. denied*, 434 U.S. 1063, 98 S.Ct. 1235, 55 L.Ed. 763 (1978). Thus, personal jurisdiction over a nonresident defendant under Texas law is determined by a constitutional due process analysis. *Bearry*, 818 F.2d at 373.

Due process requires that federal courts assert personal jurisdiction over nonresident defendants only in cases in which (1) the defendant has purposefully established minimum contacts with the forum state, and (2) jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112-113, 107 S.Ct. 1026, 1032-33, 94 L.Ed. 92 (1987). Personal jurisdiction based on a minimum contacts analysis may be either general or specific. *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361-62 (5th Cir. 1990). In this case, O'Quinn alleges only specific personal jurisdiction.

---

[2]    Tex. Civ. Prac. & Rem. Code Ann. §§ 17.041-17.045 (West 1986).

Specific jurisdiction is a two-prong inquiry. First, the defendant must have purposefully availed himself of the forum state, thereby seeking the benefits and protections of the laws of the state. *Bullion*, 895 F.2d at 216. Second, the plaintiff's cause of action must arise out of the defendant's contacts with the forum state. *Dalton*, 897 F.2d at 1361.

Seeking to establish the purposeful availment prong of the specific jurisdiction inquiry, O'Quinn first contends that personal jurisdiction over World is proper in Texas because a principal-agent relationship existed between World and Merit when Merit established recruiting offices and performed recruiting services in Texas. According to well-established law, a defendant may be found subject to personal jurisdiction as a result of the actions of an agent. *Davis v. Asano Bussan Co.*, 212 F.2d 558, 563 (5th Cir. 1954); *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990). Under Texas law, in order for a principal-agent relationship to be established, the principal must have the right to control both the means and the details of the process by which the agent accomplishes the actions at issue.[3] *First Nat'l Bank of Fort Worth v. Bullock*, 584 S.W.2d 548, 551-52 (Tex.App.--Dallas 1979, writ ref'd n.r.e.).

Although the World-Merit contract specifies that Merit is to provide the labor and local facilities necessary to process

---

[3] Under Texas law, agency is a mixed question of law and fact, freely reviewable on appeal to the extent that the facts underlying the agency question are undisputed. *American International Trading Corp. v. Petroles Mexicanos*, 835 F.2d 536, 539 (5th Cir. 1987).

applications, World simply does not have contractual authority to determine where such facilities are to be located. When Merit established its office in Texas City, Merit purposefully availed itself of the laws and protections of Texas. However, World did not have sufficient control over the means or details of Merit's actions to establish an agency relationship. *See Matter of Carolin Paxson Advertising, Inc.*, 938 F.2d 595, 598 (5th Cir. 1991) (finding no agency relationship between advertising firm and television station because of inadequate showing of right to control). Thus, we find that Merit was not acting as an agent of World while it operated its local office and conducted recruiting services in Texas. Consequently, O'Quinn has not established the contacts necessary to a finding of specific jurisdiction based on agency theory.

In the alternative, O'Quinn argues that even if Merit was acting only as an independent contractor of World, personal jurisdiction over World was proper in Texas because O'Quinn's cause of action arose out of Merit's activities in Texas. However, the actions of an independent contractor in a forum state are not sufficient, absent other contacts, to subject a nonresident corporation to personal jurisdiction. *Smith v. Piper Aircraft Corp.*, 425 F.2d 823, 826 (5th Cir. 1970); *see also Bearry*, 818 F.2d at 375-76 (holding manufacturer's maintenance of distribution network in the forum insufficient to support finding of general jurisdiction). O'Quinn does not allege any other contacts between World and Texas. Thus, O'Quinn has not established that World,

either directly or through an agent, purposely availed itself of the benefits and protections of Texas.  On this record, we hold that O'Quinn has failed to establish specific personal jurisdiction over World.[4]

Accordingly, we AFFIRM the order of the district court granting World's motion to dismiss for lack of jurisdiction.

---

[4]     Since we do not find that there are sufficient contacts between World and Texas to establish personal jurisdiction, we do not reach the separate specific jurisdictional requirement that O'Quinn's cause of action arise out of World's contacts with Texas.  Nor do we reach the separate due process question of whether the exercise of jurisdiction by a Texas court over World would comport with traditional notions of fair play and substantial justice.