## S01G1647. BALLARD v. MEYERS et al.
### (572 SE2d 572)

CARLEY, Justice.

Appellees Robert and Kerri Meyers brought suit against Kathleen Sneed, seeking to recover for injuries allegedly sustained in an automobile collision. Ms. Sneed died during the pendency of the action, and the personal representative of her estate, W.A. Ballard, was substituted as the defendant. On cross-examination, Mr. Meyers was questioned about the damages he and his wife had claimed in connection with a prior lawsuit involving a different collision. When he testified that he did not remember the amount of damages sought in that previous action, Ballard sought to introduce as impeaching evidence a certified copy of the complaint filed therein. The trial court refused to admit the document for several reasons, including Ballard's failure to have listed it in the pretrial order. The jury returned a verdict in favor of Appellees, and the Court of Appeals affirmed in an opinion which was not officially reported. *Ballard v. Meyers*, 250 Ga. App. XXV (2001). We granted certiorari to address the issue of whether a party can impeach a witness with a document that is not listed in the pretrial order.

OCGA § 9-11-16 and Uniform Superior Court Rule 7 are the controlling authority on matters involving pretrial orders. By their terms, neither expressly excludes from pretrial disclosure documents used for impeachment purposes in civil cases. However, it is equally

---

[6] *In re C. R. W.*, 267 Ga. 534 (481 SE2d 511) (1997).

true that neither the statute nor the Rule specifically includes such evidence in the disclosure requirement. Our cases do hold that the names of rebuttal witnesses must be listed, and Appellees assert that there is no reason to distinguish between the requirement of disclosure of such witnesses and documentary evidence of impeachment. See *Cook v. Huff*, 274 Ga. 186, 189 (4) (552 SE2d 83) (2001).

As with witnesses who are called in the case-in-chief, rebuttal witnesses testify in support of one of the parties to a lawsuit. The difference is that rebuttal witnesses may or may not be necessary. See *Canada West v. City of Atlanta*, 169 Ga. App. 907, 912 (7) (315 SE2d 442) (1984). To prevent ambushing opposing counsel with an unfamiliar witness, however, Rule 7.2 (19) provides for mutual disclosure in the pretrial order of all of those who either "will" or "may" be called. When the names of all potential witnesses are thus revealed by the parties, the lawyers thereafter can conduct any necessary interviews or, in some cases, show just cause to pursue further discovery. As a sanction for non-disclosure, OCGA § 9-11-16 (b) does not allow the calling of an unlisted witness unless the party can show that it is necessary "to prevent manifest injustice." *Cook v. Huff*, supra at 189 (4); *Minnick v. Lee*, 174 Ga. App. 182, 184 (1) (329 SE2d 548) (1985); *Canada West v. City of Atlanta*, supra at 912 (7).

While an attorney in a civil action should disclose the names of those who will or may be relied upon affirmatively to prove the client's case, there is no comparable rationale for requiring the disclosure of documents which may be used to attack the credibility of the other side's witnesses. Although pretrial disclosure is a laudable goal, the essence of the judicial system in Georgia and throughout the United States is the adversarial trial process. In accordance with that process, Rule 7 itself recognizes the viability of distinguishing in the pretrial order between listing the parties' witnesses and disclosing impeaching documents. As noted, subsection (19) of Rule 7.2 requires disclosure of all of those witnesses who "will" or "may" be called. However, Rule 7.2 (14) does not impose a similar requirement that a party list all documents that he or she should reasonably anticipate tendering at trial. Instead, that provision specifies only a listing of "all documentary and physical evidence that *will be tendered* at the trial by the Plaintiff or Defendant." (Emphasis supplied.) This certainly includes all evidence upon which a party will rely affirmatively to prove the case. However, it is impossible for counsel to know whether impeaching documents will even be relevant and admissible until the witnesses for the opposing party testify at trial, so there is no possible justification for requiring disclosure of such evidence in the pretrial order. By its terms, Rule 7.2 (14) does not extend to the pretrial disclosure of such documentary evidence as a party may potentially tender by way of attacking the credibility of

the other side's witnesses.

This analysis does not rest on an overly restrictive reading of Rule 7.2 (14) and does not unfairly favor one party over another. The distinction drawn between the pretrial disclosure of rebuttal witnesses and documentary evidence is based on the actual wording of the Rule itself, and there is nothing that is unfair in the unfettered impeachment of any witness whose credibility is subject to attack. A contrary interpretation would simply rewrite Rule 7.2 (14) to impose a requirement of broad disclosure of all documents that a party may possibly introduce, and such a holding would actually promote, rather than discourage, trial by ambush. A party's witnesses could lie on the stand and then that party can object to the introduction of any impeaching documents which were not expressly listed in the pretrial order.

Although Appellees' prior action involved a separate incident, it nevertheless was relevant to whether their present claim was for preexisting injuries. Georgia has long recognized that all witnesses will be presumed to speak the truth and, if possible, no false statement should be attributed to any of them. See *Durham v. Holeman*, 30 Ga. 619, 626 (5) (1860). In accordance with this principle, counsel for Ballard was entitled to assume before trial that Mr. Meyers would answer questions about the previous case truthfully and, thus, that no documentary evidence related thereto would have to be proffered. However, because Mr. Meyers testified that he could not remember the amount of damages earlier claimed, the pleading in the prior case became probative and admissible for impeachment purposes. The trial court was apparently concerned that admission of the complaint would be harmful because the lack of pretrial disclosure prevented Appellees from obtaining substitute trial counsel and calling their current trial attorney to testify about the apportionment of damages between the two collisions. However, it was entirely possible for their present trial counsel to elicit precisely the same information by questioning Mr. Meyers on re-direct examination. The Appellees, not their lawyer, were the parties to the former lawsuit and the present case. The relevance of the pleading did not involve a legal issue which required an expert opinion, and the drafter was not the sole indispensable witness as to whether their former recovery was for the same injuries which they now alleged that they sustained in the subsequent crash.

"The object of all legal investigation is the discovery of truth." OCGA § 24-1-2. Consistent with this statutory mandate, "[t]he policy of Georgia law is to admit evidence, even if its admissibility is doubtful, because it is more dangerous to suppress the truth than to allow a loophole for falsehood. [Cits.]" *Gibbons v. Maryland Cas. Co.*, 114 Ga. App. 788, 796 (3) (152 SE2d 815) (1966). The trial court's ruling

in this case is at odds with this principle, since it authorizes the exclusion of relevant impeaching evidence and allows the credibility of a crucial witness to go unchallenged. Clearly, this subordination of the discovery of the truth to a mere procedural device is erroneous. See *Minnick v. Lee*, supra at 184 (1). In a trial, the credibility of the witnesses is a matter which should be resolved by the jurors who have heard all of the relevant evidence, and not by the text of the pre-trial order. OCGA § 24-9-80.

Our holding is a narrow one, as it provides only that the pretrial disclosure requirement does not extend to documentary evidence upon which a party may possibly rely defensively for impeachment purposes. Those documents that a litigant intends to rely upon affirmatively to meet the burden of proving his or her case still must be disclosed in the pretrial order. Before trial, Ballard's lawyer did obtain a certified copy of the complaint in the prior action. It is urged that, under these circumstances, he reasonably anticipated using it at trial and, therefore, should be required to list it in the pre-trial order. As previously noted, however, the controlling presumption is that all witnesses speak the truth. *Durham v. Holeman*, supra. As a result thereof, attorneys in this state can reasonably anticipate that the need to introduce impeaching evidence will not arise. However, that presumption of veracity is only a reasonable, not an irrebuttable, one, and a good trial lawyer should be prepared to rebut contrary testimony or other evidence that is false. Thus, counsel for Ballard was reasonably justified in assuming that he would not need to introduce the complaint, but he was also professionally obligated to obtain a certified copy of that document in the event that the assumption proved incorrect. Therefore, the failure to list the document was not an intentional act of ambush, but an instance of adherence to applicable legal and professional concepts. To hold otherwise would turn the presumption upon which Ballard's lawyer acted on its head, so that it would be unreasonable for counsel not to anticipate that all those called by the other side may testify falsely and thereby subject themselves to impeachment. Because that would constitute a departure from settled principles of Georgia law, the judgment of the Court of Appeals is reversed with direction to remand this case for retrial.

*Judgment reversed with direction. All the Justices concur, except Fletcher, C. J., and Sears, P. J., who dissent.*

FLETCHER, Chief Justice, dissenting.

Because the majority has returned Georgia trial practice to the pre-Civil Practice Act days of trial by ambush by requiring parties to disclose very few of their trial exhibits in the pretrial order, I dissent. Instead, I would hold that, if a trial court finds that a party should

have reasonably anticipated tendering at trial a document that was omitted from the pretrial order, then it has the discretion to exclude that document from the trial, unless doing so would result in a manifest injustice.

1. Pretrial orders are "intended to limit the claims, contentions, defenses, and **evidence** that will be submitted to the jury."[1] With that indisputable policy in mind, the most sensible reading of Uniform Superior Court Rule 7.2 (14) is that pretrial orders must list all exhibits that the parties reasonably anticipate "will be tendered" at trial. Requiring disclosure of all documents that a party reasonably anticipates using at trial aids the jury in its search for the truth because both parties are better able to develop all relevant evidence and present it for the jury's consideration.[2] Allowing parties to withhold documents hinders a full and thorough examination of the truth because parties will be encouraged to hide evidence until they can spring it on their unsuspecting opponent, thereby leaving the jury with only one side's view of events.

On the first day of trial in this case, Ballard sought to introduce a certified copy of Meyers's amended complaint in a different lawsuit, which Ballard had obtained a month earlier. As shown by his actions, Ballard anticipated that he would need this document at trial, and he therefore should have listed it on the pretrial order, either originally or through an amendment. Accordingly, the trial court had the discretion to exclude the document, unless exclusion would have caused manifest injustice.[3]

2. To decide whether exclusion of a document would be manifestly unjust, I would require trial courts to weigh the following four factors: (1) the offering party's intent in failing to list the document, (2) prejudice to the non-offering party, (3) ability to cure the prejudice, and (4) the court's orderly and efficient trial of the case as well as its other cases. This test is based on the criteria that several federal courts of appeals[4] and the Georgia Court of Appeals[5] have used in similar circumstances.

Applying this four-factor test in this case, I would hold that the

---

[1] *Department of Human Res. v. Phillips*, 268 Ga. 316, 318 (486 SE2d 851) (1997) (emphasis supplied).

[2] See generally OCGA § 24-1-2 ("The object of all legal investigation is the discovery of truth.").

[3] See OCGA § 9-11-16 (pretrial order "controls the subsequent course of the action unless modified at the trial to prevent *manifest injustice*"); *Phillips*, 268 Ga. at 318.

[4] *Harper v. Dismukes*, 202 F.3d 273 (7th Cir. 1999); *Martinez v. Union Pacific R.R. Co.*, 82 F.3d 223, 227 (8th Cir. 1996); *Greate Bay Hotel & Casino v. Tose*, 34 F.3d 1227, 1236 (3rd Cir. 1994); *Perry v. Winspur*, 782 F.2d 893, 894 (10th Cir. 1986); see also *United States v. Varner*, 13 F.3d 1503, 1507 (11th Cir. 1994).

[5] *Minnick v. Lee*, 174 Ga. App. 182 (329 SE2d 548) (1985); *Allstate Insurance Company v. Reynolds*, 138 Ga. App. 582, 588 (227 SE2d 77) (1976).

trial court did not abuse its discretion in excluding the complaint from evidence.[6] First, Ballard intentionally withheld from disclosure in the pretrial order a document in his possession that he should have reasonably anticipated he would introduce at trial. Intentionally withholding a document from disclosure in the pretrial order should weigh heavily against that party's ability to use it at trial.[7]

Second, permitting Ballard to use the complaint at trial would have unfairly prejudiced Meyers. The complaint had not previously appeared in the litigation between Meyers and Ballard, and it involved a different lawsuit that was unrelated to the accident with Sneed. Meyers had no reason to anticipate the sudden appearance of this document in the middle of trial and, therefore, had no opportunity to prepare to answer Ballard's charges that Meyers was claiming the same damages at trial that he had claimed in the other lawsuit.

As the trial court recognized, Meyers's trial counsel was needed to explain the apparent contradiction between Meyers's damage claims in the current trial and the amended complaint in the other lawsuit, but he was prohibited by the Code of Professional Responsibility from testifying as a witness.[8] Meyers had already testified that he could not recall anything regarding the damages claimed in the amended complaint when it was shown to him. Therefore, he would not have been able to testify on re-direct regarding the exact document that he had testified only a few minutes earlier he could not remember. The majority conveniently ignores this established fact when it asserts Meyers's trial counsel was not the "sole indispensable witness" to rebut Ballard's charges of double-dipping. In fact, given Meyers's lack of recall, Meyers's trial counsel, as author of the amended complaint, was the only witness who could explain why he had listed damages in the amended complaint that were similar to the damages being sought in this case. By withholding the amended complaint until trial began, Ballard effectively prevented Meyers from being able to present his trial counsel's proffered explanation,

---

[6] *Cook v. Huff*, 274 Ga. 186, 189 (552 SE2d 83) (2001).

[7] See, e.g., *Dunlap v. City of Oklahoma City*, 12 Fed.Appx. 831, 835 (10th Cir. 2001) ("Where a party fails to show any circumstances other than its own neglect to warrant relief from a pretrial order, no reason [to reverse refusal to modify pretrial order] exists."); *Fashauer v. New Jersey Transit Rail Operations*, 57 F.3d 1269, 1287 (3rd Cir. 1995) (no abuse of discretion where need for rebuttal testimony "could have been reasonably anticipated"); *Bronk v. Ineichen*, 54 F.3d 425, 432 (7th Cir. 1995) (no abuse of discretion to exclude rebuttal witness that party knew might be significant); *American Int'l Trading Corp. v. Petroleos Mexicanos*, 835 F.2d 536, 539 (5th Cir. 1987) (not manifestly unjust to exclude witnesses that party "knew or should have known . . . were necessary"); *Keyes v. Lauga*, 635 F.2d 330, 335 (5th Cir. Unit A 1981) (no abuse of discretion to exclude rebuttal witnesses whose use "could have been reasonably anticipated").

[8] See generally Georgia Code of Professional Responsibility EC 5-9, 5-10, DR 5-102, superseded by Georgia Rule of Professional Conduct 3.7.

which, if persuasive to the jury, would have countered Ballard's suggestion that Meyers was seeking a double recovery. Admission of the document, without Meyers's attorney's explanation, would have unfairly prejudiced Meyers because he would have been unable to present his side of the story, and the jury would have heard only Ballard's slant on the document.

Third, no reasonable curative measure appears in the record. As the trial court recognized, the best way to cure the prejudice would have been for Meyers's trial counsel to testify regarding the circumstances surrounding the drafting of the amended complaint and why the complaint did not contradict Meyers's contention that Sneed had caused most of his injuries. However, because Ballard waited until the trial had started to reveal his intention to use the document from the other lawsuit, Meyers's lawyer could no longer withdraw and have co-counsel conduct the entire trial, at least not without severely prejudicing Meyers's case. Having Meyers's trial lawyer testify on substantive matters before the jury would not have been a reasonable solution.[9]

Finally, the record is silent regarding the effect the admission of the document would have had on the trial of this case and the court's docket. The first three factors, however, more than outweigh any considerations regarding the court's efficient disposition of this case, even assuming this action were the only trial the court had on its calendar and there would have been no cost to the court or the parties in retrying it. Based on Ballard's intentional withholding of the document and the inability to cure the prejudice to Meyers, the trial court's exclusion of the complaint from the trial did not result in a manifest injustice, and I would affirm the court of appeals.

3. The majority relies on at least three unsupportable premises to hold that pretrial order disclosure is not required for impeachment documents. First, the majority contends that the Uniform Superior Court Rules require parties to disclose fewer trial exhibits than witnesses. Oral testimony from witnesses, however, is entitled to the same evidentiary weight as documents. As juries throughout Georgia are instructed, the evidence consists of both oral testimony and the documents introduced at trial.[10] Reading the uniform rules to require a greater disclosure for one kind of evidence than another makes no sense.

The uniform rule governing trial witnesses (Rule 7.2 (19)) simply requires that a party distinguish between those witnesses that the opposing party can count on being at trial and, therefore, does not

---

[9] See Georgia Rule of Professional Conduct 3.7.

[10] Suggested Pattern Jury Instructions, Vol. I, Civil Cases (3d ed.), I.B.

have to subpoena and those witnesses that may appear at trial, but which the opposing party should subpoena if it wants to question them in person before the jury.[11] The rationale for this additional amount of detail, of course, is that witnesses, unlike documents, are not always easily brought to trial.

Second, the majority's rationale for treating impeachment evidence differently than other evidence renders disclosure of exhibits in pretrial orders meaningless. According to the majority's logic, "there is no possible justification for requiring disclosure of [impeachment] evidence" because "it is impossible for counsel to know whether impeachment evidence will even be relevant and admissible until the witnesses for the opposing party testify at trial." The same rationale applies to all rebuttal evidence and for much, if not all, of the defendant's evidence.[12] Basing the pretrial order disclosure requirements on what a party's attorney "knows" as opposed to "reasonably anticipates" results in the disclosure of very few documents. Other than the documents that a plaintiff needs to avoid a directed verdict, no party can truly "know" whether a document will be relevant and admissible until it tenders that document at trial. From now on, no document will have to be disclosed in the pretrial order so long as a party can claim truthfully that it was uncertain as to whether it would tender that document until the middle of trial.

No later than the close of discovery, every party to a civil action should be able to anticipate which documents will be needed at trial. By using depositions, interrogatories, requests for document production, and its own investigations, a party generally should be able to determine which documents support its case and which documents undermine the opposing party's case and witnesses. Requiring parties to list the documents they reasonably anticipate will be used at trial is not a burdensome task, even in a case with voluminous documents.

Third, the majority's mantra that disclosure of impeachment documents will harm the discovery of truth is simply incorrect. As shown here, Meyers testified that he did not remember what damages he had claimed in a different lawsuit. Nothing in the amended complaint suggested that Meyers testified falsely about his lack of recollection. It showed what damages Meyers had claimed in the other lawsuit, not that Meyers's lack of recall was untruthful. Therefore, the majority's refrain that witnesses are presumed to testify

---

[11] Unif. Sup. Ct. R. 7.2 (19) ("Opposing counsel may rely on representation that the designated party will have a witness present unless . . . [sufficient notice is given] . . . to allow the other party to subpoena the witness or obtain his testimony by other means.").

[12] See *Vincent v. State*, 264 Ga. 234, 234 (442 SE2d 748) (1994) (may impeach by disproving facts testified to by a witness).

truthfully, while an accurate statement, has nothing to do with the facts in this case.

Furthermore, the entire pretrial disclosure process is designed to promote the discovery of the truth. Requiring a party to disclose documents that it should reasonably anticipate it will tender at trial enables both parties to develop all the relevant evidence more fully and, thereby, reduces lying as well as ambush trial practices, all of which aids the jury's search for the truth. Permitting a party to introduce a document, without placing the opposing party on notice that it will need to muster its own relevant evidence regarding that document, hinders, rather than advances, the search for the truth by leaving the jury with only one version of the facts.

Fundamental fairness is the essence of our adversarial system of justice.[13] Adherence to fundamentally fair procedures guides our search for the truth. Rather than promote the discovery of truth, however, the majority promotes gamesmanship and evasive litigation tactics by rendering meaningless the rule requiring disclosure of trial exhibits in pretrial orders.

I am authorized to state that Presiding Justice Sears joins in this dissent.

DECIDED NOVEMBER 12, 2002 —
RECONSIDERATION DENIED DECEMBER 13, 2002.

*Harper, Waldon & Craig, Hilliard V. Castilla*, for appellant.
*John W. Mrosek, Winburn, Lewis, Barrow & Stolz, Irwin W. Stolz, Jr., Gambrell & Stolz, Seaton D. Purdom*, for appellees.
*Smith, Gilliam, Williams & Miles, Steven P. Gilliam, Robert A. Weber, Mabry & McClelland, Walter B. McClelland, Bovis, Kyle & Burch, James E. Singer*, amici curiae.

---

[13] See, e.g., *Lisenba v. California*, 314 U. S. 219, 236 (62 SC 280, 86 LE 166) (1941).