# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11746

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2017

Lyle W. Cayce
Clerk

WESLEY HOWARD,

      Plaintiff - Appellant

v.

MAXUM INDEMNITY COMPANY,

      Defendant - Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-2487

Before SMITH, BARKSDALE, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Appellant Wesley Howard alleges that he inhaled chlorine gas released by a malfunctioning hotel hot tub in Enid, Oklahoma. Howard sued the hotel, and the parties quickly settled. As part of the settlement, the hotel assigned its claims arising out of Howard's injury against its insurer, appellee Maxum Indemnity Company, to Howard.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11746

On July 29, 2016 Howard sued Maxum in Texas state court. Relying on the assignment, Howard "st[ood] in the shoes" of the hotel to assert five causes of action: (1) breach of contract, (2) breach of the duty of good faith and fair dealing, (3) violation of the Texas Deceptive Trade Practices Act, (4) violation of the Texas Insurance Code, and (5) violation of the Texas Prompt Payment of Claims Act. Maxum removed the action to the United States District Court for the Northern District of Texas and promptly moved to dismiss.

In its motion to dismiss, Maxum argued in part that the hotel's purported assignment to Howard was barred by an anti-assignment clause in the hotel's insurance policy. Maxum cited Texas law in support. In a footnote, Maxum recognized that the hotel's insurance policy was delivered in Oklahoma, and that the agreement may therefore be governed by Oklahoma law. Nonetheless, Maxum asserted that "[b]ecause there is no conflict between Oklahoma and Texas law on any issue presented by this motion . . . the Court need not conduct a conflict-of-law analysis."

In his response to Maxum's motion, Howard did not brief the choice of law issue or argue that Oklahoma and Texas law differed. Rather, Howard argued that the anti-assignment clause is unenforceable under Texas law. Howard pointed to *Rhodes v. Chicago Insurance Co.*, a Fifth Circuit decision applying Texas insurance law, as the "control[ling]" case. 719 F.2d 116 (5th Cir. 1983).

The district court granted Maxum's motion to dismiss. Following the parties' lead, the court applied Texas law and concluded that the anti-assignment provision was enforceable, and that Howard's claims were not ripe. Weeks later, Howard filed a motion under Federal Rule of Civil Procedure 59(e)

2

to alter or amend the district court's judgment.[1] In his motion, Howard argued for the first time that Oklahoma law controls, and that the anti-assignment clause is unenforceable under Oklahoma law. The district court denied Howard's motion, and Howard noticed his appeal.

Howard's appeal raises as a central, threshold question whether he waived application of Oklahoma law. Our law is clear: "[f]ailure to raise an argument before the district court waives that argument, including an argument for choice-of-law analysis." *Fruge v. Amerisure Mut. Ins. Co.*, 663 F.3d 743, 747 (5th Cir. 2011). Although Howard did raise the choice of law issue in his Rule 59(e) motion, "[t]his court will typically not consider an issue or a new argument raised for the first time in a motion for reconsideration in the district court." *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 425 (5th Cir. 2014); *see also Kohler v. Englade*, 470 F.3d 1104, 1114 (5th Cir. 2006) (argument raised for the first time in a Rule 59(e) motion was waived on appeal). Accordingly, by failing to dispute Maxum's assertion that Oklahoma and Texas law do not conflict, and by citing only Texas law on the anti-assignment issue in his opposition to the motion to dismiss, Howard waived any argument that the hotel insurance policy is governed by Oklahoma law.

"[P]arties generally are bound by the theory of law they argue in the district court, absent some manifest injustice." *Am. Int'l Trading Corp. v. Petroleos Mexicanos*, 835 F.2d 536, 540 (5th Cir. 1987) (internal quotation marks omitted). Howard has shown no such manifest injustice here. "If 'manifest injustice' only meant that application of another jurisdiction's law

---

[1] Howard styled his motion as a "Motion to Reconsider Dismissal." Recognizing, however, that "[t]he Federal Rules do not recognize a 'motion for reconsideration,'" *Ford v. Elsbury*, 32 F.3d 931, 937 n.7 (5th Cir. 1994), the district court considered the motion under Rule 59(e). In his briefing before this court, Howard embraces the reclassification.

would yield a different result, then choice of law issues could always be raised first on appeal." *Id.* Here, Howard does not argue in his principal brief that applying Texas law would result in manifest injustice. In his reply brief, Howard argues that manifest injustice is present because Howard was "misled by [Maxum]'s assertions" that Oklahoma and Texas law are the same. But Howard simply describes waiver by a different name: Maxum asserted a point of law, and Howard embraced it. This alone does not meet the demanding manifest injustice standard.

The judgment of dismissal is AFFIRMED.